Campbell v. Chamberlain, et al.

## CAMPBELL V. CHAMBERLAIN, *et al.*

1. No PREJUDICE. The overruling of an objection to an improper question is no cause of reversal, unless it appears that the appellant was prejudiced by the answer thereto.
2. ACTION ON ATTACHMENT BOND. When an attachment is wrongfully sued out, the right of action on the bond accrues as soon as the attachment defendant is disturbed in the possession of his property by the levy of the writ.
3. SAME: DAMAGES. In an action for the wrongful suing out of an attachment, the plaintiff may recover damages for the losses and expenses incurred in defending the attachment proceedings, losses sustained by being deprived of the use of the property attached, and for injuries thereto by its depreciation in value, or entire loss.
4. SAME. Where the suing out of the attachment was willfully wrong exemplary damages may be recovered.
5. INJURIES TO CREDIT NOT RECOVERABLE. Injuries to credit, character, or business, are too remote and speculative to be considered in assessing damages sustained by the wrongful suing out of an attachment.

*Appeal from Jones District Court.*

FRIDAY, APRIL 6.

ACTION on an attachment bond. Plaintiff claims to have sustained damages by reason of the defendants wrongfully suing out an attachment against his property; and in his petition alleges that the same was wrongfully, willfully and maliciously sued out, and for the purpose of causing it to be believed in the neighborhood that plaintiff was not an honest and reliable man; that in consequence of the issuing of said attachment, he has been injured in his standing and reputa-

tion in society, to his damage in the sum of nine hundred dollars. Defendants specifically deny every averment in the petition, and upon the issue thus joined, there was a trial and judgment for plaintiff, from which defendants appeal.

*Henry & McCarn* for the appellants.

I. The character of the parties is not involved in civil actions, except in actions for slander, seduction, and similar cases. 2 Greenl. Ev. section 269; 2 Bla. Com. 101; Coke Litt. 161, and note; 2 Saund. Pl. 175.

II. A suit on an attachment bond can not be maintained until the attachment is dismissed or the attachment suit has been terminated by judgment for the defendant therein. *Gorton* v. *De Angells*, 6 Wend. 418; *McCormick* v. *Sisson*, 7 Cow. 715. The attachment proceedings are auxiliary to the principal suit. (Section 1854.) Suit may be brought on the bond before the *principal* suit is disposed of, but the attachment must be determined.

As to damages see *Webster* v. *Raven*, 4 G. Greene. 427.

*J. Mann* for the appellees.

I. It is not sufficient to reverse this case to show that an objection to an improper question was overruled. The record should disclose the answer. 1 Barb. S. C. R. 155; 3 Ib. 548; 8 Ird. 376, 470, 499; 7 Ib. 17.

BALDWIN, J.—The first assignment of error is: That the District Court erred in overruling the objections made by defendants to certain questions propounded by plaintiff to his witnesses. It appears that upon the trial the plaintiff introduced one John Helmer as his witness, and asked whether the issuing of the attachment had injured the standing and credit of the plaintiff; and what he had heard Campbell say in regard to getting plaintiff in the penitentiary, since or about the commencement of this suit; to which questions defendants objected, which objections were

Campbell v. Chamberlain, et al.

overruled by the court. It does not appear whether the questions were answered or not, nor that the defendants were in any manner prejudiced by such questions, and in the absence of such showing, this court will not, for this error, interfere with the judgment of the District Court.

The second error assigned is: That the court erred in refusing to give an instruction to the jury as asked by defendants, as follows: "That if the original cause wherein the attachment had issued against Campbell were pending at the commencement of this suit, and the attachment had not been dismissed or vacated, the jury must find for the defendant."

The plaintiff's right of action on the bond accrues as soon as he is disturbed in the possession of the property levied upon by virtue of the writ of attachment, provided it was wrongfully issued; and section 1854 of the Code expressly provides that he is not compelled to wait until the principal suit is determined, before he can sue on the bond. See *Raven* v. *Webster*, 3 Iowa 502. The court did not err in refusing to give this instruction to the jury.

The third assignment of error is: That the court erred in giving an instruction to the jury as asked, which was as follows: "The plaintiff claims damages by reason of the loss of credit and character, on account of wrongful suing out of the attachment, and the defendant has taken issue thereon, and it is proper matter for your consideration, if you find that the defendant was willfully wrong in suing out the attachment."

This instruction assumes a state of pleadings unsupported by the record. Plaintiff does not claim any damages on account of the loss of credit and character. His only claim is that by the issuing of the attachment, he was injured in his standing and reputation in society. Supposing, however, that standing and reputation in society has the same signification as credit and character, is the injury to credit and character a proper matter to be taken into consideration by

the jury, in estimating plaintiff's damages in an action upon an attachment bond ?    We think not.

In such actions the plaintiff is entitled to recover as damages all losses and expenses incurred by him, in making defense to the attachment proceedings, and such losses as he may have sustained by being deprived of the use of the property attached, and any injury thereto by its loss or depreciation in value; and for such losses and trouble he should be liberally rewarded.    If the attachment was sued out willfully wrong, his damages should be for such losses and trouble, not only compensatory but exemplary.    But injuries to credit, or character, or business, are too remote and speculative to be considered in an action of this kind.

Judgment reversed and cause remanded.