Lowenstein v. Monroe.

## LOWENSTEIN v. MONROE.

1. **Attachment**: WRONGFUL SUING OUT: MEASURE OF DAMAGES. In a counter-claim for damages for the wrongful suing out of a writ of attachment levied on a stock of merchandise, the deterioration in value of the stock during the time it was held by the sheriff under attachment, and rent paid by the defendant for the building during the same time, are legitimate elements of damages; but loss of profits, or of business credit, by reason of the attachment belong to the class of remote and speculative damages which the jury cannot consider.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 9.

PLAINTIFF brought an action against the defendant on an account for goods and merchandise sold and delivered. The petition prayed the issuance of a writ of attachment upon the ground that defendant had disposed of his property in part, and was about to make further disposition thereof, with intent to defraud his creditors. The writ was issued, and levied upon a stock of clothing owned by defendant, and in his store, and said store was closed by the sheriff.

The answer, in addition to a general denial of indebtedness, set up a claim against the plaintiff for $3,000, based upon the alleged wrongful, willful, and malicious, suing out of the writ of attachment. The plaintiff moved for a more specific statement of the damages sustained by the defendant. The motion was sustained, and thereupon the defendant amended by setting out the damages in a more definite manner. The plaintiff moved to strike out a number of the items of damages, upon the ground that the same were not recoverable, being remote, uncertain, and speculative. The motion was sustained in part. From the ruling on the motion defendant appeals.

*Maxwell & App* and *William Phillips*, for appellant.

*Brown & Dudley*, for appellee.

ROTHROCK, J.—The several allegations of the answer and counter-claim which were struck out on motion are as follows:

1. ATTACH-
MENT: wrong-
ful suing out:
measure of
damages.

" 1. The said attachment was levied on a stock of his (defendants) goods which was then of the value of about $6,000, and by reason of such levy and invoice, and the retail trade of the same being thereby cut off, the value of said stock of goods was reduced to about the sum of $3,000.

".3. That by reason of said levy the defendant was prevented from selling said goods at the season they were salable, and when there was a demand for them, by reason of which he was damaged in the sum of $400.

" 4. That the defendant's business house was closed up and in the hands of the officer under said attachment for two months, whereby the defendant was damaged in the loss of sales of said goods in the sum of $500.

" 6. That by reason of said attachment the defendant lost a large part of his custom by reason of persons who had for a long time been his regular customers being induced to go elsewhere to trade, on account of his store being closed up, whereby he was damaged in the sum of $1,500.

" 7. That by reason of said attachment the defendant lost his credit at and with the wholesale houses where he had for years purchased his goods on time, and was thereby compelled to make cash purchases only, and was thereby unable to keep up his stock so as to fill the demands of the market, whereby he was damaged in the sum of $2,000.

" 8. That by reason of said attachment the defendant's business house was closed up for two months, during which time he was compelled to pay rents on the same which amounted to the sum of $120, whereby he was damaged in the sum of $120.

" 9. That during all said time the defendant's business was suspended, and his trade cut off by said attachment, which was a damage to him of $1,000."

All of the first of the above divisions of the answer which

follows the words " levy and invoice," was stricken out. The remainder was allowed to stand. We think this was erroneous. It is in substance an allegation that the stock was diminished in value by reason of the levy and invoice, and the stopping of the business of retailing the same, in the sum of $3,000. In other words it is no more than an averment that by reason of the levy, and closing the store, the goods diminished in value $3,000. In another part of the answer it is averred that the store was closed for two months. It was a perfectly legitimate claim for damages that, by reason of the withholding of the clothing from sale, the stock diminished in value by reason of its becoming unsalable. We do not understand this division to be a claim for damages for loss of profits in the defendant's retail trade, because the averment is that the value of the stock was reduced by the levy and closing up or stopping the business in which defendant was engaged.

The striking out of the eighth division was also erroneous. If the goods were kept by the sheriff for two months in the building and the defendant paid the rent therefor, for that time, this was as clearly a proper claim for damages as the deterioration in value of the goods. It was the direct result of seizing and holding of the property. The defendant, if he has a good cause of counter-claim by reason of the suing out of the attachment, is entitled to recover such damages as will recompense him for the injury, besides exemplary damages if the case is such as warrants an award of that character. The stoppage of his business, by reason of which he was compelled to pay rent for a building from which he was ejected by the sheriff, is certainly legitimate. If he had been giving his personal labor and attention to the business, and during the time was unable to obtain other employment, this also, we think, would be a legitimate claim for damages.

II. All of the other divisions of the answer, as will be seen by a casual reading of them, are claims for loss of profits in the retail of the goods, loss of business and custom, and

loss of credit. These averments were, we think, properly stricken out, as not being such elements of damage as are proper subjects of allegation or proof in actions of this character. In *Campbell v. Chamberlain*, 10 Iowa, 337, which was an action for wrongfully, willfully and maliciously suing out an attachment, it is said: "In such actions the plaintiff is entitled to recover as damages all losses and expenses incurred by him in making defense to the attachment proceedings and such losses as he may have sustained by being deprived of the use of the property attached, and any injury thereto by its loss or depreciation in value; and for such losses he should be liberally rewarded. If the attachment was sued out willfully wrong, his damage should be for such losses and trouble, not only compensatory but exemplary. But injuries to credit or character, or business, are too remote and speculative to be considered in an action of this kind." This seems to be conclusive of the question here presented. It is said, however, that the rules laid down in that case are not authoritative, because they are in no wise involved in the case itself and are but the mere views of the judge who wrote the opinion. We think, however, that the record in that case properly demanded the establishment of the rules therein announced, and that those rules have been followed in the trial courts of this State. They meet our approval and we are not disposed to abrogate them.

Counsel for appellant have cited us to a number of cases where it has been held that injuries to business, loss of credit and the like are proper subjects of damages. An examination of these authorities shows that such is the rule in Alabama, Illinois, and in Kentuckey. In most of the other States the rule is in comformity with *Campbell v. Chamberlain, supra*. For the error in striking out part of the first, and all of the eighth, divisions of the answer the cause must be

REVERSED.