## MITCHELL v. HARCOURT ET AL.

62  349
127  159

1. **Attachment:** COUNTER-CLAIM FOR DAMAGES: EVIDENCE.  Upon a counter-claim for damages for the wrongful suing out of an attachment, evidence that the credit of the defendants was impaired by the attachment not admissible.  *Lowenstein v. Monroe*, 55 Iowa, 82, followed.

2. **Evidence:** MUST BE APPLICABLE TO ISSUES.  Evidence tending to establish a counter-claim not pleaded is not admissible.

3. **Attachment:** TENDER: ADMISSION OF AMOUNT DUE.  Where before the trial of an attachment suit the defendants tendered and paid into court a sum of money for the plaintiff, this was a conclusive admission that that amount was due when the attachment was sued out.

4. ————: COUNTER-CLAIM FOR DAMAGES: EVIDENCE OF EMBARRASSED CONDITION OF DEFENDANT.  Upon a counter-claim for damages for the malicious suing out of an attachment, evidence that the defendant in attachment was greatly involved in debt was admissible, as tending to show that plaintiff was not actuated by malice.

5. **Practice in Supreme Court:** REVIEW OF ORDER EXCLUDING QUESTION TO WITNESS: RULE STATED.  The action of the trial court in excluding a question propounded to a witness will not be reviewed, unless it is made to appear of record what evidence was sought to be elicited by the question.  If this appears from the question itself, it is sufficient; if not, the party propounding the question must state what he expects to prove.

*Appeal from Pottawattamie Circuit Court.*

MONDAY, DECEMBER 10.

ACTION on promissory notes.  An attachment was sued out.  The defenses were that there was no consideration for the notes and that they were usurious.  A counter-claim was pleaded, claiming damages on the ground that the attachment had been wrongfully and maliciously sued out.  Trial before a jury, verdict for the defendant, and plaintiff appeals.

*Flickinger Bros.*, for appellant.

*Sapp & Lyman*, for appellees.

SEEVERS, J.—I.  The grounds upon which the attachment

was sued out were, that one of the defendants was about to convert a part of his property into money for the purpose of placing it beyond the reach of his creditors, and that one of the defendants was about to dispose of his property with intent to defraud his creditors. The only property attached consisted of real estate. Against the objection of the plaintiff, the defendants were permitted to show that their credit had been injuriously affected by the attachment.

The admission of this evidence constitutes error. *Lowenstein v. Monroe*, 55 Iowa, 82. The court, however, instructed the jury that nothing could be allowed because defendants' credit was impaired by the attachment. Whether this cured the error, we do not determine.

II. Evidence was introduced by the defendants tending to show that the plaintiff boarded with one of the defendants, or obtained his meals there for a time. As no such counterclaim was pleaded, we think the evidence inadmissible. As we understand, consel for the appellee insist that the evidence had some bearing on the question of usury, but we cannot think this is so. Of course it was competent to show the prior transactions between the parties, because these notes were renewals of others given at the inception of the usury as claimed. But the fact that the plaintiff boarded with the defendants, or frequently took his meals there, had no bearing whatever on the question of usury.

III. The defendants, prior to the trial, tendered and paid into court for the plaintiff upwards of one hundred dollars on the indebtedness sued on. This is a conclusive admission that the amount tendered was due when the attachment was sued out. Yet it is claimed by counsel for the appellee that the jury found that the attachment was maliciously sued out, and this we think is so, from the amount of damages awarded the defendants. The plaintiff asked one of the defendants, when on the stand as a witness, a question in the following words: "How much did you owe?" and also other questions, so framed as to elicit the amount the defendants were indebt-

ed at the time the attachment was sued out.   This evidence was objected to as immaterial and not proper cross-examination, and the objections sustained.   The latter objection is not now insisted on, but it is said that the evidence sought to be introduced would not tend to establish that the grounds stated in the petition asking the attachment were true.   It may be that this is so; but we think the evidence was admissible as bearing on the question of malice.   If the defendants were largely in debt, taking into consideration the amount of property owned by them, and the plaintiff had information of such fact, which as a reasonably prudent person he was warranted in believing when he procured the attachment, such evidence would, we think, have a tendency to show that he was not actuated maliciously in suing out the attachment.   But counsel for the defendants insists that the error cannot be corrected, because it does not appear what the plaintiff expected to prove by the witness, and *Shellito v. Sampson*, 61 Iowa, 40, is relied on to support this objection. But we think it sufficiently appears from the question asked what was expected to be proved.   The true rule, we think, is that, when it is apparent on the face of the question asked the witness what the evidence sought to be introduced is, and that it is material, this is sufficient.   But when this is not apparent, then the party seeking to introduce the evidence is required to state what he expects to prove, and thus make its materality appear.

REVERSED.