DANIEL KING, Appellant, v. NICHOLAS KEHOE *et al.*

1   Wrongful Attachment. Where the writ is issued against one who is not indebted to the attachment plaintiff, it is wrongfully sued out.

2   Same: DAMAGES: WHAT NOT RECOVERABLE. Inability to insure mortgaged property which is attached, and burned while attached, and to sell the mortgage, are not elements of damage which can be recovered in an action on the attachment bond.

3   Same: NECESSARY PARTIES. Where an attachment bond is made to two jointly, both are necessary parties to an action for the full amount of the bond.

*Appeal from Delaware District Court.*—HON. FRED O'DONNELL, Judge.

WEDNESDAY, MAY 16, 1894.

ACTION upon an attachment bond, executed by defendants Nicholas Kehoe, as principal, and Michael Hogan and Patrick Kehoe as sureties, "to M. M. Carville and Daniel King." Defendants Michael Hogan and Patrick Kehoe demurred to the petition, and, the demurrer being sustained, plaintiff excepted, and elected to stand upon his petition, whereupon judgment was entered against him, from which judgment he appeals. *Affirmed.*

*Chas. Husted* and *J. H. Peters* for appellant.

*M. W. Herrick* for appellees.

GIVEN, J.—I. The grounds of the demurrer are that the petition does not state a cause of action, and shows that there is a defect of parties plaintiff. The petition shows that the bond sued upon was executed by defendants in an action brought by defendant Nicholas Kehoe against this plaintiff and said M. M. Carville, as partners, on account for milk sold and delivered; that a writ of attachment was issued in said action, and levied upon two creameries, called the Maple Hill and the Sweezey creameries, which were owned by the said Carville, and upon which this plaintiff held a chattel mortgage from Carville to secure his promissory note for one thousand dollars and interest that, as grounds for said attachment, said Nicholas Kehoe alleged that said Carville had absconded; that said Carville and plaintiff were copartners; that the milk sought to be recovered for was sold to them as partners, and that plaintiff was insolvent. Plaintiff alleges that he was not a copartner with Carville, was not indebted for the milk sued for, was not insolvent, and that said Nicholas Kehoe had no reason to believe said statements to be true. He further alleges that said attachment was willfully and maliciously sued out, and that he had been damaged by reason thereof in the sum of twelve hundred dollars, "on the ground that, since said property was attached, this plaintiff has been unable, by reason of said attachment, to dispose of his note and mortgage, to foreclose said mortgage, or to insure said property covered by said mortgage; and that, while said property was held under said attachment, the creamery known as the Maple Hill creamery, which was of the actual value of fifteen hundred dollars, was totally destroyed by fire, by reason of which this

plaintiff has been damaged in said sum, the Sweezey creamery being worth not to exceed two hundred dollars."

II.   For the purpose of this demurrer the allegations of the petition are taken as true.   According to the petition this plaintiff was not a copartner with Carville, and not indebted for the milk sued for; therefore, the attachment was wrongfully sued out as to him.   The contention is whether he shows himself to have suffered any damage by reason of the attachment for which the sureties on the bond are liable.   None of his property was taken under the attachment.   The two creameries, the property of Carville, alone were seized.   Plaintiff rests his claim solely upon the fact that he held the unsatisfied chattel mortgage on the creameries.   He says he has been damaged by reason of the attachment, because he has been unable to dispose of his note and mortgage, to foreclose the mortgage, or to insure the property. The fact that one of the creameries was destroyed is not stated as a ground of recovery, but as showing the extent of the damage resulting from his inability to dispose of the note, to foreclose the mortgage, or insure the property.   Appellant cites *Campbell v. Chamberlain*, 10 Iowa, 337; *Lowenstein v. Monroe*, 55 Iowa, 85, 7 N. W. Rep. 406, and claims therefrom "that in an action for the wrongful suing out of an attachment the plaintiff may recover for losses sustained by being deprived of the property attached, and for injuries thereto by its depreciation in value or entire loss."   Appellant's property was the note and mortgage.   These were not levied upon or taken, and he was not deprived thereof, nor were the same injured, depreciated, or lost, by reason of the attachment. · If his mortgage was a valid lien upon the creameries, the levy of an attachment did not affect it.   He had the same legal right to sell his note, foreclose his mortgage, and insure

the mortgaged property after the levy as he had before. As already stated, it is not alleged that the destruction of the Maple Hill creamery by fire was caused by the levy of the attachment. What is alleged on that subject is not pleaded as a ground of recovery, but as showing the amount of damage claimed by appellant because of his not being able to sell his note, foreclose his mortgage, or insure the mortgaged property. We think the petition failed to show any damage which appellant is entitled to recover upon the bond.

III. The bond is in the penal sum of three thousand dollars and is to M. M. Carville and Daniel King, jointly. It is clear that no recovery can be had upon this bond in excess of its penalty. The appellant asks to recover" fifteen hundred dollars actual damages, and for fifteen hundred dollars exemplary damages, and costs of suit;" thus claiming to the full amount of the bond, and leaving no margin upon which M. M. Carville might claim damages. As Carville's rights under the bond are jointly with appellant, Carville is a necessary party to the action thereon, as the amount to which each may be entitled must necessarily be ascertained before either can recover. If each may separately recover, the sureties may be charged above the amount of the bond, or the one last recovering be limited to an amount less than he is entitled to upon the bond. We conclude that the demurrer was properly sustained. AFFIRMED.