OF

THE STATE OF IOWA

AT

DES MOINES, MAY TERM, A. D. 1898,

AND IN THE FIFTY-SECOND YEAR OF THE STATE.

---

F. A. TISDALE v. C. W. MAJOR, Assignee, Appellant.*

**Attachment of Real Property: DAMAGES.** The depreciation of real property upon which a writ of attachment has been levied, occurring while the levy remains in force, if there is no change of possession, is not the immediate result of the attachment, and recovery therefor cannot be had in an action upon the attachment bond.

**SAME.** Mental suffering resulting from the wrongful and malicious suing out of a writ of attachment does not afford a ground for the recovery of compensatory damages.

**PLEADING: *Ultimate facts.*** The averments in a petition in an action upon an attachment bond as to the purpose for which the property levied upon was used and that it was the only mill machinery and equipment of the kind located in the town and doing a substantial business, are properly stricken out, as they do not present ultimate and material facts.

---

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

VOL. 106 Ia—1                                                                (1)

*Appeal from Wapello District Court.*—HON. T. M. FEE, Judge.

WEDNESDAY, MAY 25, 1898.

ACTION at law, aided by attachment, to recover an amount alleged to be due from the defendants Deitrich & Capell, and the members of that firm, on a promissory note and on accounts. C. W. Major, as assignee of the defendants, intervened. There was a trial by the court without a jury, and a judgment in favor of the plaintiff. The intervener appeals.—*Affirmed.*

*McElroy & Heindel* for appellant.

*McNett & Tisdale* for appellee.

ROBINSON, J.—The writ of attachment was issued on the alleged grounds that the defendants were about to dispose of their property with intent to defraud their creditors, and that they had disposed of their property, in whole or in part, with intent to defraud their creditors. The writ was levied upon certain real estate in the city of Ottumwa. The defendants appeared to the action, and filed an answer, in which they admitted that they were indebted to the plaintiff on the note and accounts in suit to the amount claimed, but alleged that the attachment was wrongfully and maliciously sued out, and that on the day it was levied they made to C. W. Major an assignment of all their property not exempt from execution for the benefit of their creditors. On the same day the assignee filed a petition of intervention, in which he admitted the indebtedness of the defendants as alleged by the plaintiff, and sought to recover on the attachment bond, by virtue of the assignment by the defendants to him, for damages alleged to have been sustained by the defendants, in consequence of the alleged wrongful and malicious suing out and levying of the writ of attachment. A motion to

strike out portions of the petition of intervention was sustained in part, the intervener thereafter filed an "amended and supplemental petition," and a motion to strike out portions of that petition was sustained. No evidence was offered on the trial in behalf of the defendants and the intervener, and the questions presented by the appeal for our consideration grow out of the sustaining of the motions.

I.   One of the paragraphs of the petition of intervention which was stricken out purports to state a part of the damages alleged to have been sustained by the defendants, and is as follows: "In the depreciation in the market value of said attached property, caused by the issuance and levy of said writ of attachment in the sum of $2,000."

It is stated in the petition that the property levied upon was a mill used in manufacturing doors, sash, blinds, counters, book cases, and other articles, and that it was equipped with a large quantity of valuable machinery, which was a part of the mill and of the property upon which the attachment was levied. It does not appear that possession of any part of the property levied upon was taken under the writ, nor that the right of the defendants and their assignee to use it was interfered with in any manner. The question to be determined is whether an attaching creditor is liable for the depreciation in value of real estate levied upon, which occurs while the attachment is in force. The mere issuing and levying of a writ of attachment upon real estate cannot ordinarily cause it to depreciate in value. The appellant suggests that some portion of the machinery might become worthless, or out of date, and in that case it could not be exchanged for new and improved machinery. Nothing of that character is suggested by the portion of the petition stricken out, nor would proof of damage by reason of inability to make improvements, or by loss of a sale, be material under it. It is the general rule that the depreciation of real property upon which a writ of attachment has been levied, which occurs while the levy remains in force, if there be no change of possession, is not the immediate result of the

attachment, and recovery therefor cannot be had of the attaching creditor. *Heath v. Lent,* 1 Cal. 410 ;*Trawick v. Martin-Brown Co.,* 79 Tex. 460 (14 S. W. Rep. 564) ; *Brandon v. Allen,* 28 La. Ann. 60; *Muldoon v. Rickey,* 103 Pa. St. 110 ;. Drake Attachments, section 179 ; Wade Attachments, section 301; 2 Sutherland Damages, section 512. The only cases cited by the appellant as holding a contrary doctrine is that of *Lowenstein v. Monroe,* 55 Iowa, 82, but that involved a levy upon personal property, which is subject to a different rule.

II. One of the paragraphs of the petition of intervention stricken out described the purposes for which the property levied upon was used, and that it was the only mill, machinery, and equipment of the kind located in Ottumwa, and it was doing a substantial business. The paragraph was in the nature of a statement of evidence not relevant to any issue in the case, and not of ultimate and material facts, and it was properly stricken out.

III. The amended and supplemental petition contained a paragraph of which the following is a copy: "That the suing out of said attachment on said false grounds caused great shame, degradation, humiliation, wounded pride, and mental suffering to the defendants, and each of them, to their actual damage in the sum of three thousand dollars." That was stricken out on motion, and of that ruling the appellant complains. The question thus presented is whether there can be a recovery as of actual damages for mental anguish, including the feelings of shame, degradation, humiliation, and wounded pride. In *Stevenson v. Belknap,* 6 Iowa, 97, a recovery by a father for his anxiety and wounded feelings because of the seduction of his daughter was held to be authorized. In *Muldowney v. Railway Co.,* 36 Iowa, 402, a recovery was permitted for mental anguish suffered by a person who was injured in a railway accident. In *McKinley v. Railroad Co.,* 44 Iowa, 314, it was held that "mental anguish arising from the nature and character of an

assault is an element of compensatory damages." In *Park-hurst v. Masteller*, 57 Iowa, 474, it was held that a person might recover compensation for mental suffering caused by a malicious prosecution. In *Shepard v. Railway Co.*, 77 Iowa, 54, it was held that compensatory damages might be recovered for the mental suffering of a passenger, caused by her being wrongfully compelled, with insult and abuse, to leave a train; and the same rule was applied in *Curtis v. Railway Co.*, 87 Iowa, 622. It will be observed that each of these cases involved an injury to the person, or a violation of personal rights, as distinguished from injury to tangible property, or to the rights of such property. In *Mentzer v. Telegraph Co.*, 93 Iowa, 752, the right of the sender of a telegram to recover for mental suffering which resulted from negligence in the delivery of the telegram was involved, and many authorities upon the right of recovery for mental anguish were reviewed. It was there said that, to authorize such a recovery, "there must be some direct and proximate connection between the wrong done and the injury to the feelings, to justify a recovery for mental anguish." Also: "Every breach of contract is likely to cause some pain, but some of these contracts relate to property and pecuniary matters, and in such case the law furnishes what has always been held to be an adequate remedy for pecuniary loss sustained." In the case of *Campbell v. Chamberlain*, 10 Iowa, 337, in which recovery was sought on an attachment bond, it was held that injuries to credit and character were too remote to be considered in such an action, and that rule was approved in *Lowenstein v. Monroe*, 55 Iowa, 82. See, also, 1 Sutherland Damages (2d ed.), section 55; 2 Sutherland Damages (2d ed.), section 512. Although none of the cases last cited are precisely in point, yet they tend strongly to support the conclusion we reach that mental suffering resulting from the wrongful and malicious suing out and levying of a writ of attachment does not afford ground for the recovery of compensatory damages. We think that the district court was right in striking out the paragraph of the amended and supplemental petition which we have been

considering. A careful examination of the entire record fails
to disclose any error prejudicial to the defendant, and the
judgment of the district court is AFFIRMED.