Marshall v. Marshall.

ISAAC E. MARSHALL V. JOSEPH M. MARSHALL *et al.*

No. 14,050.   (80 Pac. 629.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Cumulative.*   In a trial before the court the ruling out of a question which has in effect already been answered cannot constitute prejudicial error.

2. ———— *Relevancy Must be Shown—Assignment of Error.* Where the question asked of a witness, considered in connection with the other proceedings, fails to show that its answer would be relevant and material to the issues on trial, its rejection can be effectively assigned as error only where the trial court has been informed as to the nature of the testimony sought to be elicited.

3. ———— *Husband and Wife—Joint Interest—Privileged Communications.*   The statutory prohibition against the husband or wife's testifying concerning communications made by one to the other during the marriage is not affected by their being joint parties and jointly interested in the action, or by one's having acted as the agent of the other.

Error from Reno district court; MATTHEW P. SIMPSON, judge.   Opinion filed April 8, 1905.   Affirmed.

*Carr W. Taylor,* and *J. U. Brown,* for plaintiff in error.

*George A. Vandeveer,* and *F. L. Martin,* for defendants in error.

The opinion of the court was delivered by

MASON, J.:   Isaac E. Marshall executed a deed purporting to convey a tract of land to two of his sons and the wife of a third son, but reserving a life-interest in the grantor.   About two years later he began a suit to set aside the deed, alleging that his signature had been procured by the fraudulent representation, believed and relied upon by him, that the instrument contained a provision making it revocable at his pleasure.   Issues were joined and tried, the testimony being largely oral.   The court found generally for the

defendants and rendered judgment accordingly, which the plaintiff now seeks to have reversed, principally upon the ground that it was contrary to the evidence. It is true that the plaintiff testified positively in support of the allegations of the petition, but just as positive testimony was given to the contrary, and we are unable to discover that this assignment of error involves anything more than a question of the credibility of the opposing witnesses, upon which the decision of the trial court is final. The other specifications of error relate to the rejection of evidence.

In his examination in chief the plaintiff was asked: "Was it ever your intention to make them [the grantees] an absolute deed to the place—to the land in question?" An objection to this question was sustained, and complaint is made of this ruling. The defendants argue that it was not competent for the witness to testify concerning any purpose formed in his own mind, except so far as it had been disclosed by his acts or speech. Whether or not it was proper to reject the testimony upon this principle, no material error was committed. The witness had just been permitted to state in so many words that he would not have signed the deed if he had known that it contained no clause permitting its revocation, and this was practically an answer to the question ruled out, so far as it was pertinent to the issue. The plaintiff's story throughout was wholly inconsistent with an intention on his part to make an irrevocable deed, and his express disclaimer of such an intention could have added nothing to the force of his testimony.

The fraudulent representations relied upon were alleged to have been made by Elmer Marshall, the husband of one of the grantees. The plaintiff testified that after the deed was made he had a conversation with Elmer about deeding back the land, but that he did not, however, talk to him anything about leaving out the condition authorizing a revocation. The ques-

Marshall v. Marshall.

tion was then put: "What did you ask him?" There-upon the defendants objected "to any conversation with Elmer after the deed was executed, as incompetent, irrelevant, and immaterial—not binding on these defendants." The objection was sustained, and the ruling was excepted to, and is now assigned as error. No further questions were asked, however, and no offer was made to explain the purpose of the inquiry already made or to show any specific fact by the witness. In this condition of the record the action of the court must be regarded merely as a rejection of the very question asked. This question did not point to any matter of obvious relevancy and materiality, and in the absence of further information the trial court could not have known that the answer sought to be elicited would be admissible. The ruling cannot be said to have been prejudicially erroneous merely because it may be possible to imagine a conversation between the witness and his son that might properly have been received in evidence. In volume 2 of the Cyclopedia of Law and Procedure, at page 697, it is said:

"To reserve any question on the ruling of the trial court in excluding testimony, there must be a pertinent question propounded, and, upon objection being made, a statement to the court of the testimony which it is expected will be elicited by the question, and an exception taken to the ruling thereon."

The proposition is there somewhat too broadly stated, since the question itself may be, and often is, of such a character that in connection with the other proceedings it clearly indicates the materiality of the answer sought and renders superfluous any statement as to what it is expected to be. On the other hand, a too narrow enunciation of the principle is made in volume 8 of the Encyclopedia of Pleading and Practice, at page 76, where it is said:

"The court may require counsel to explain the ma-

teriality of the answer sought from a witness; and, if this be not done, the exclusion of the evidence is not available on appeal."

This language seems to imply that no statement or explanation need be made unless in response to a demand by the court. In a doubtful case the court may well inquire of counsel, as an aid to an intelligent ruling, the purpose of a particular line of inquiry; but it is incumbent upon the attorney conducting an examination to show affirmatively upon his own motion that the testimony he offers is material, assuming himself the risk that if he fail to do so a reviewing court can grant him no relief. As was said in *Mitchell v. Harcourt et al.*, 62 Iowa, 349, 17 N. W. 581:

"The true rule, we think, is that, when it is apparent on the face of the question asked the witness what the evidence sought to be introduced is, and that it is material, this is sufficient; but when this is not apparent, then the party seeking to introduce the evidence is required to state what he expects to prove, and thus make its materiality appear."

The plaintiff called the wife of Elmer Marshall as a witness in his behalf and asked her whether she had not had certain conversations with her husband regarding the transaction under investigation. Answers to all such questions were excluded by the court. The plaintiff contends that such exclusion was erroneous, inasmuch as the husband and wife were joint parties and had a joint interest in the action, and the inquiries related to a transaction in which one acted as the agent of the other. These considerations, under the statute (Gen. Stat. 1901, § 4771), remove the general disability of the wife to testify for or against her husband, but do not affect the prohibition against testimony concerning communications made to her by him during their marriage.

The judgment is affirmed.

All the Justices concurring.