THE WICHITA RAILROAD AND LIGHT COMPANY V.
E. E. CUMMINGS.

No. 14,392.    (84 Pac. 121.)

STREET-RAILWAYS—*Injury to Passenger—Contributory Negli-
gence.* Where, in an action to recover damages for personal
injuries received while riding on the defendant's street-car,
by reason of the plaintiff's head coming in contact with a pole
supporting the electric wires overhead, the special findings
of the jury showed that plaintiff's contributory negligence
was the proximate cause of his injury, it was held that he
could not recover.

Error from Sedgwick district court; THOMAS C.
WILSON, judge. Opinion filed January 6, 1906. Re-
versed.

*Kos Harris,* and *V. Harris,* for plaintiff in error.

*Sluss & Wall,* and *J. V. Daugherty,* for defendant in
error.

*Per Curiam:* E. E. Cummings, while riding upon a
street-car in the city of Wichita, thrust his head out
of the side of the car, which brought it in contact with
one of the poles that supported the electric wires over-
head. · The defendant company prosecutes this pro-
ceeding to reverse a judgment obtained by him for in-
juries resulting therefrom.

The car upon which Cummings was riding was a
summer car. ˙ It was open on both sides, except that
on the side next to the poles which supported the over-
head wires there was a guard-rail, about level with
the back of the seats. The seats were reversible, ex-
cept those at the ends of the car. The plaintiff occu-
pied the seat in the front of the car, with his back to
the motor-man. Facing Cummings, and two seats
from him, was a Miss Torrey, an acquaintance. While
the car was moving she indicated that she wished
to speak to plaintiff. For the purpose of ascer-
taining her wishes the plaintiff arose from his seat

Railroad Co. v. Cummings.

and put his head and a portion of his body outside of the car, over the guard-rail on the side next to the poles, and leaned toward her. While in this posture the back of his head collided with a pole, and injury resulted. This pole was seventeen inches from the side of the car; and, in view of the special findings of the jury, the question of the negligence of the company in placing the pole in too close proximity to the side of the car becomes unimportant.

If the plaintiff's contributory negligence was the proximate, although not the only, cause of his injury, he cannot recover. Upon this question the jury, among others, made the following special findings:

"(2) Ques. What was the distance in inches between the side of the car upon which plaintiff was riding and the pole between the tracks which came in contact with the plaintiff? Ans. Seventeen inches.

"(3) Q. What was the distance from where plaintiff was sitting to the person with whom he was trying to communicate? A. About eight feet.

"(4) Q. Could not the plaintiff have as easily communicated with the person he desired to speak to on the inside of the car as on the outside? A. Yes."

"(6) Q. Was there any necessity for the plaintiff to put his head or body outside of the car on the side on which he was sitting? A. No."

"(35) Q. Was there not an aisle running through the center of this car from one end to the other? A. Yes."

"(37) Q. Was there anything to prevent Cummings from getting up in the aisle and going and speaking to the person he wished to speak with? A. No."

"(44) Q. Did not the plaintiff's head hit this pole by reason of his rising up out of the said seat and projecting a part of his body outside of the car? A. Yes."

"(46) Q. Was not the plaintiff injured because of his rising up out of his seat and projecting his shoulders outside of the car? A. Yes."

"(50) Q. Would an ordinarily prudent man, riding in the car seated as plaintiff was, have put his head out of the car far enough to come in contact with

the pole between the tracks? A. Not under ordinary circumstances."

These findings are so conclusive of plaintiff's contributory negligence as to make comment useless.

The judgment is reversed and the cause remanded, with instructions to render judgment for the defendant on the special findings.