No. 19,710.

HIRAM C. ROOT, *Appellant*, v. THE TOPEKA RAILWAY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Definition*. Negligence usually consists in the involuntary and casual, that is, "accidental," doing or omission to do something which results in an injury.

2. SAME—*Special Findings—Not Inconsistent*. There is no inconsistency in a special finding that the plaintiff was injured while doing an act in a "casual and involuntary way," and the further finding that in so doing he was negligent.

3. SAME—*Findings—Contributory Negligence Bars Recovery*. In an action to recover damages for personal injuries sustained while a passenger on a street car by reason of plaintiff's arm coming in contact with a trolley pole in close proximity to the track, the special findings to the effect that plaintiff's contributory negligence was the proximate cause of his injuries prevent his recovery against the defendant, irrespective of the negligence of the defendant in maintaining its poles too close to the side of the car.

4. APPEAL — *Matters Not in Record — Not Reviewable*. The supreme court on appeal has no power to amend or correct the record upon affidavits purporting to recite proceedings in the court below to which the record itself contains no reference, and where the affidavits were not presented to the trial court nor filed there.

Root v. Street Railway Co.

5. SAME. Suggestions are offered as to the proper way to bring upon the record the recital of proceedings which take place at the trial during the absence from the court room of the official stenographer, and which a party objecting desires to have reviewed.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed December 11, 1915. Affirmed.

*W. R. Hazen,* and *Hiram C. Root,* both of Topeka, for the appellant.

*L. S. Ferry, T. F. Doran,* and *J. S. Dean,* all of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff sued to recover damages for injuries sustained while a passenger in a street car. The jury returned a verdict for the defendant. Judgment was entered against plaintiff, from which he appeals.

The material facts were found by the jury in answer to special questions submitted by the plaintiff as follows:

"1. Was plaintiff sitting in his seat at the time he got hurt? Answer: Yes.

"2. Was plaintiff hurt by being struck by an iron pole as he brushed something off the lapel of his coat with his handkerchief? Answer: Yes; by protruding his hand out window.

"3. Was this act of plaintiff done in an involuntary and casual way? Answer: Yes.

"4. Are these iron poles set three or four to the block? Answer: Four or five.

"5. While plaintiff may have traveled for years on the street railway, did he know at the time he got hurt the distance of any of these poles from the car he was riding on? Answer: Not exact.

"6. Before this injury, had he any occasion to know such distance? Answer: Did not.

"7. Was the act of plaintiff such an act as any ordinarily prudent man riding on a street car might have done, inadvertently and casually, without being guilty of negligence? Answer: No.

"8. Was the window at which the plaintiff sat a large window and without barrier, bar or screen to prevent passengers from inadvertently, casually or unthoughtedly protruding their hands or arms outside the body of the car? Answer: Yes.

"9. Could the defendant, by the use of reasonable care, have so barred, screened or protected the windows of its cars that such injuries as happened to plaintiff could have been wholly prevented? Answer: Yes, but not practical with the mode of transportation."

Plaintiff's cause of action was based on the alleged negligence of the defendant in maintaining its poles too close to passing cars, and in failing to provide barriers or screens on the car windows to protect passengers from injury. The answer alleged his contributory negligence.

Much of plaintiff's brief is devoted to an argument that the findings are inconsistent with the verdict and with each other. In part, this is based on a misapprehension of the exact language of special finding No. 9. The finding is, that by the use of *reasonable* care the defendant could have so screened or barred the windows of its cars as to prevent such an injury, but that such a method was not a practical one in view of the mode of transportation. The plaintiff assumed in the preparation of his brief that the question submitted and answered by the jury read "usual care" instead of "reasonable care." It is also claimed that there is inconsistency in the finding that plaintiff was injured while brushing off his coat in a "casual and involuntary way," and the further finding that he was negligent. Negligence usually is the result of the involuntary, casual omission to do, or the casual and involuntary doing of some act. When a person steps in front of an automobile coming directly toward him in the street, his act is casual, that is, with no design to voluntarily place his life in danger. He acts without thought, carelessly and negligently, and the result is often a serious accident. Webster defines "casual" as "happening or coming to pass without design, and without being foreseen or expected; accidental; fortuitous; coming by chance." Of course, if the plaintiff's act in protruding his arm through the open window of the car was otherwise than accidental; if it was done voluntarily with thought of the probable consequences, he must have intentionally injured himself, or at least have been guilty of gross negligence.

We discover nothing inconsistent in the special findings. They establish that the proximate cause of plaintiff's injury was his own negligence, and are therefore consistent with the general verdict.

In *Cummings v. Railroad Co.*, 68 Kan. 218, 74 Pac. 1104, a parallel case, a passenger on a street car by "casually and involuntarily" protruding his head from the open window of a car was struck by a trolley pole and injured. He was without

Root v. Street Railway Co.

knowledge of the close proximity of the pole to the car, and it was held not to be a question of law, but one of fact for the jury, whether he was guilty of contributory negligence. The same case was again before the court (*Railroad Co. v. Cummings*, 72 Kan. 694, 84 Pac. 121) and it was held that because the special findings showed that plaintiff's contributory negligence was the proximate cause of his injury he could not recover, and judgment in defendant's favor was therefore ordered. It was ruled in the opinion that the question of the negligence of the defendant in maintaining its poles too close to the track became of no importance in view of plaintiff's own negligence. The same principle renders it unnecessary in the present case to consider the claims of the plaintiff respecting instructions relating to the alleged negligence of the defendant. The instructions, however, appear to be unobjectionable, and, in stating the law as to the duty which the carrier owes to passengers, the court followed the rules repeatedly declared in former decisions.

There remains one matter which requires comment. Error is predicated upon an alleged oral statement made to the jury by the court. Plaintiff asserts in his abstract and brief that during the argument of counsel for defendant the court made this statement to the jury: "I want you to pay particular attention to Mr. Doran's argument," and that, upon plaintiff's objection, the court added the admonition to pay particular attention to the arguments of counsel for both plaintiff and defendant. The defendant challenges the assertion, and the record discloses nothing of such occurrence. The plaintiff mistakenly assumes that the matter is brought upon the record by his filing an affidavit here alleging the facts as he asserts they occurred, and that it then devolves upon this court to determine the disputed question of fact and make the record speak the truth.

Aside from the pleadings, entries of rulings and judgments, and the instructions, the record in an appeal from a district court consists of a transcript of the official stenographer's "notes of the testimony and proceedings in the case or any such part" as appellant may designate. When such transcript has been made and filed with the clerk of the district court, it thereupon becomes "a part of the record in the cause, subject to amendment and correction by the trial court or judge."

(Civ. Code, § 574.) No authority is conferred upon this court to amend or correct the record, although it is given express authority to require any part of the record and any paper or document to be sent up by the clerk of the trial court. (Civ. Code, § 576.)

It is said, however, that when the statement was made the official stenographer was absent from the court room. In that situation it devolved upon plaintiff to take proper steps to have the proceedings made a part of the record, if he desired the matter reviewed in this court. If a dispute arose respecting the facts, he should have filed his affidavit or other proof in the district court, and allowed the other side an opportunity to meet it. The duty would have then rested upon the court to determine, from the evidence and the court's knowledge of the matter, what the facts were, and to cause the record to recite them. It may be said, too, that it is as much the duty of the trial judge to assist a party in preserving a proper record of any oral statements made by the court in the progress of the trial, which the party in good faith claims the right to have reviewed, as it is to certify the court's written instructions. We have no doubt that the learned trial judge would have done so in this instance if proper steps had been taken by counsel for plaintiff.

We find no error in the record, and the judgment is affirmed.

WEST, J., not sitting.