No. 20,715.

CHRISTINE JONES, *Appellant*, v. THE CITY OF KINGMAN, *Appellee*.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Personal Injuries—Finding Construed.* In a personal-injury case in which the negligence of the defendant and contributory negligence of the plaintiff were in issue, the jury were asked whether the injury would have been avoided if either of the parties had exercised due care, and answered: "Yes, the plaintiff." *Held,* that this amounts to a special finding in favor of the defendant on both issues.

2. SAME—*Evidence.* The evidence held to support findings in favor of the defendant on the issue of negligence.

3. SAME—*Instructions.* Instructions asked regarding this issue held to have been properly refused.

4. NEGLIGENCE—*Rejected Evidence—Relevancy Must be Shown.* The requirement, that in order to preserve for review a ruling sustaining an objection to a question the party offering the evidence must at the time inform the trial court what was desired to be shown by the answer, is not dispensed with by the provision of the present code that rejected evidence to be available on appeal must be produced at the hearing of the motion for a new trial.

5. SAME—*Evidence.* Evidence admitted over objection held to have been nonprejudicial.

6. SAME—*Instructions.* Instructions given and refused regarding contributory negligence held not to have been erroneous.

7. SAME—*Contributory Negligence—Burden of Proof—Instructions.* The failure to instruct that upon the issue of contributory negligence the burden of proof was on the defendant held to have been erroneous, but to have been rendered nonprejudicial by the finding against the plaintiff on the issue of the defendant's negligence.

40—101 Kan.

.8. SAME—*Findings—Inconsistency*. The fact that the jury return an affirmative answer to the question whether the plaintiff's injury was the result of an unavoidable accident, and also find that it could have been avoided by the exercise of due care on the part of the plaintiff, does not necessarily involve a fatal inconsistency, as the jury may have supposed that the word accident was used to denote the absence of intention rather than of negligence.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed November 10, 1917. Affirmed.

*H. E. Walter, John H. Connaughton,* both of Kingman, and *J. W. Blood,* of Wichita, for the appellant.

*S. D. LaFuze,* city attorney, and *S. S. Alexander,* of Kingman, for the appellee; *J. D. Houston,* of Wichita, of counsel.

The opinion of the court was delivered by

MASON, J.: Christine Jones, while riding in a buggy as the guest of a neighbor, who was driving, was injured by a runaway caused by the buggy top catching in the guy wire of an electric-light pole in a street in Kingman. In an action brought by her against the city the jury found against her, and she appeals from the judgment rendered on the verdict.

1. The city owns the electric-light plant, and had set out the pole at the intersection of Sherman street, which lies east and west, and Sugar street, which runs into Sherman street from the north. It was placed in line with other poles, eight and a half feet east of the west line of Sugar street, and eight and a third feet south of the north line of Sherman street. The guy wire ran from a point on the pole a little over twenty-four feet from the ground to the place where it was fastened, sixteen feet west of the foot of the pole. There was a fence along the property line of the corner lot, but no sidewalk had ever been constructed on either street at this point. The buggy came south on Sugar street, and in turning to the right, or west, on Sherman street, was driven inside of the pole, between the pole and the fence corner, and under the guy wire. The defense was based upon two propositions: (1) that the part of the streets intended, prepared, and used for vehicles lay outside of the pole, and the city, having no reason to anticipate that persons would drive inside of the pole and

under the wire, was guilty of no negligence; and (2) that a recovery would in any event be barred by negligence on the part of the plaintiff. Special findings were made which included this question and answer:

"If either the plaintiff or the defendant, the city of Kingman, had exercised ordinary care and prudence in all the premises to avoid the injury, would said injury have been avoided? Yes, the plaintiff."

This seems clearly to mean that the exercise of reasonable care by the plaintiff would have avoided the injury, but that the exercise of reasonable care by the defendant would not have avoided it. In other words, that the plaintiff was guilty of negligence and that the defendant was not—a finding in favor of the defendant upon both issues. Therefore, if no error was committed affecting the finding that the defendant was free from negligence, a reversal would not be required by erroneous rulings upon the other branch of the case. This consideration is the more important because a reversal is asked largely because of the instructions given and refused concerning contributory negligence.

The streets were each sixty feet wide. The jury found that the prepared and graded part of Sugar street at this point was twenty-eight feet wide, and the prepared and graded part of Sherman street thirty-one feet wide, and that this portion of both streets was in good condition for travel. The city was not required to keep the entire width of the street in that condition. (*City of Wellington v. Gregson*, 31 Kan. 99, 1 Pac. 253.) By ordinance a space of twelve and a half feet on each side had been set aside for parking or lawn and sidewalks. The pole and wire did not constitute a hindrance to travel as a matter of law, and the question whether the city was negligent in placing and maintaining them was one of fact to be determined by the jury. Evidence was introduced that the pole was set out (about four months before the accident) just at the inside of the beaten track worn by vehicles turning the corner at that point. There was a large amount of positive testimony that after the pole had been set (and before the plaintiff's injury) this travel went mainly inside of the pole and under the wire, but there was also some testimony to the contrary. This evidence was obviously important, chiefly as bearing upon whether the city officers had reason to anticipate

such an injury as that sued for, and particularly whether they had actual or constructive notice that persons were in the habit of driving under the wire. The jury found specifically that the city officers had no notice of this prior to the accident. We regard the evidence as sufficient to support this finding, and the one already referred to as determining that the injury was not due to negligence on the part of the city.

3. Among the instructions refused was one to the effect that if the plaintiff did not know of the wire and could not have discovered it by the use of ordinary diligence, the defendant was guilty of negligence in placing it in the street. This statement was not accurate, since it disregarded the question of the wire being in a part of the street where travel was not to be expected, and perhaps also for other reasons. Another instruction refused would have informed the jury that if the street at the place of the accident was a beaten and well-traveled roadway the plaintiff had a right to presume there was no dangerous obstruction there, and the city would be liable. This likewise leaves out matters by which the defendant's liability might be affected.

4. The only complaint, other than those already covered, which concerns a ruling affecting the finding that the defendant was not negligent, is based on the rejection of evidence. A witness testified that he recalled one occasion when he had driven under the wire before the accident in question. He was asked to "state the occurrence." An objection to his stating any personal experience was made and sustained. No offer was made at the time indicating what was proposed to be shown by the answer to the question, but at the hearing of the motion for a new trial an affidavit was produced to the effect that at the time of driving under the wire to which he had referred the witness nearly caught his head, and had just time to dodge to miss it. The evidence does not seem to be material enough to warrant a reversal if it was competent; but in any event, inasmuch as the question asked of the witness did not indicate the nature of the evidence sought to be elicited, it was incumbent upon the plaintiff to make a statement on the subject, in order to preserve the ruling for review. (*Marshall v. Marshall,* 71 Kan. 313, 80 Pac. 629.) That requirement is not dispensed with by the provision of the present

code, that rejected evidence to be available on appeal must be produced at the hearing of the motion for a new trial. (Gen. Stat. 1915, § 7209.)

5. The defendant was allowed to introduce evidence that shortly after the accident wheel tracks were visible which were two or three feet nearer than any others to the base of the wire. This is complained of on the ground that the tracks were not shown to have been made by the buggy in which the plaintiff was riding. The jury were asked how much nearer the wire the wheel of the buggy passed, as shown by tracks immediately after the accident, than the wheel of any other vehicle, and answered: "No evidence." It is therefore obvious that this evidence was not relied upon in reaching the verdict, and was nonprejudicial.

6. In the instructions the jury were told in effect that the defendant contended that the plaintiff's injury was due to her own negligence in these respects: (1) in negligently abetting the violation of a city ordinance forbidding driving across the parking; (2) in negligently failing to warn the driver of the dangerous course that was being taken; (3) in negligently failing to see the wire and give warning of it; and (4) in conniving at the negligent driving of her companion. The court then added:

"If you find that the plaintiff was injured and that the injury received by her . . . was in whole or in part, the direct result of the principal and important elements of the alleged negligence on the part of the plaintiff, as above set forth, then the plaintiff can not recover."

The plaintiff maintains that from this the jury were likely to understand that any of the acts specifically referred to in the instructions necessarily constituted negligence. The court was merely outlining the claims of the defendant in a general way, leaving the law of the matter to be expounded, as it was, in later paragraphs, which the plaintiff regards as inconsistent with the instructions under consideration, but which are more properly characterized as explanatory.

An instruction was refused stating, in substance, that even though the plaintiff knew of the obstruction, and might have taken a safer way, she was not necessarily guilty of contributory negligence. Assuming, as the requested instruction does, that the plaintiff was in control of the course of the

buggy, we think if she knew about the wire it would have been negligence to drive into it.

Instructions were given to the effect that the negligence of the driver was not to be imputed to the plaintiff; that if the road under the wire was generally used long enough for the city officers to have learned of it by the exercise of reasonable diligence, knowledge on the part of the defendant was to be presumed; that notwithstanding the ordinance setting apart twelve and a half feet of the street on each side for parking, if the city failed to gutter, curb, or park it, or mark it out, and allowed it to be used as a roadway, an obligation arose to keep it safe for travel.

7. The court was asked to instruct the jury that the burden of proof was on the defendant to show that the plaintiff was guilty of contributory negligence. The form submitted is perhaps open to verbal criticism, as seeming to imply that the defendant could not defeat the action without proving negligence on the part of the plaintiff. But it was at all events sufficient to challenge the attention of the court to the matter, and as no instruction was given with regard to the burden of proof on the issue of contributory negligence, error was thereby committed. Whether or not this error would otherwise be regarded as of sufficient importance to require a reversal, that consequence is averted by the fact that it did not affect the finding in favor of the defendant on the issue of its own negligence, and that finding was sufficient in itself to defeat recovery by the plaintiff.

8. The jury returned an affirmative answer to the question whether the injury was the result of an unavoidable accident. This is in conflict with the finding that it could have been prevented by reasonable care on the part of the plaintiff, providing the phrase "unavoidable accident" is construed with technical correctness, as implying that it was not caused by the negligence of either party. But the jury are hardly to be presumed to use the term with this exactness, where such presumption would involve them in an inconsistency. The word accidental is commonly used in contrast with intentional, and without regard to the distinction between negligent and nonnegligent causes. (*Root v. Street Railway Co.*, 96 Kan. 694, 153 Pac. 550.)

The judgment is affirmed.