No. 21,286.

GLADYS PRICE STAHL, *Appellee*, v. JAMES HENRY STEVENSON et al., *Appellants.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. ORAL PROMISE—*To Leave Property to Heir—Not Within Statute of Frauds.* The provision of the statute of frauds requiring written evidence of a contract "for the sale of lands . . . or any interest in or concerning them" (Gen. Stat. 1915, § 4889) does not apply to all contracts which in any way concern lands.

2. SAME—*Former Ruling Adhered to.* The former ruling, refusing to reverse the judgment on account of the admission of evidence, adhered to.

3. SAME—*To Leave Share of Property to Heir—Trust in Land Created by Implication of Law.* Where an ancestor, for a valuable consideration, orally promises that a descendant shall at his death receive the share of his estate indicated by the statute of descents and distributions, but dies leaving all his property to others by will, a court of equity may grant relief by impressing a trust upon the property in the hands of the beneficiaries of the will, which trust must be regarded as arising by implication of law, and therefore as not within the operation of the statute forbidding the creation of express trusts in real property otherwise than by writing.

4. SAME—*To Leave Property to Heir—Statute Relating to Wills Does Not Apply.* A contract by which the obligor undertakes to make provision at his death for the obligee, although no present title to any property passes, is not required in order to be valid to be executed in accordance with the statute relating to wills.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion denying a rehearing filed April 6, 1918. (For original opinion of affirmance see *ante*, p. 447.)

*Frank L. Martin, C. M. Williams,* both of Hutchinson, *L. S. Ferry, T. F. Doran,* and *M. F. Cosgrove,* all of Topeka, for

the appellants; *Van M. Martin,* and *John M. Martin,* both of Hutchinson, of counsel.

*A. C. Malloy,* and *F. Dumont Smith,* both of Hutchinson, for the appellee.

The opinion of the court was deliverd by

MASON, J.: In this case (*ante,* p. 447) it was decided that an agreement by the plaintiff's grandfather, based upon a valuable consideration, that she should receive at his death the share of his estate which she would inherit should he die intestate, is not brought within the statute of frauds by the circumstance that he died owning real property, In a petition for a rehearing, various matters are urged which we regard as warranting further discussion.

1. Counsel for the petitioners contend that this court has erred in its construction of the provision of the statute of frauds which forbids the enforcement, without a writing signed by the party to be charged, of "any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them." (Gen. Stat. 1915, § 4889.) Their contention is that this should be interpreted as though it read:

"No action shall be brought whereby to charge a party . . . upon any contract for the sale of lands, tenements, or hereditaments, upon any contract for any interest in lands, tenements or hereditaments *or upon any contract concerning lands, tenements or hereditaments.*"

. We do not accept this view, although language is used in *Becker. v. Mason,* 30 Kan. 697, 2 Pac. 850, tending to support it. The statute does not apply to all contracts which in any way concern real estate. For instance, it does not apply to certain boundary agreements, although they concern lands. (*Steinhilber v. Holmes,* 68 Kan. 607, 75 Pac. 1019.) It does not apply to contracts employing an agent to buy or sell realty. (29 A. & E. Encycl. of L., 2d ed., 892.) The distinction is discussed in *Rose v. Hayden,* 35 Kan. 106, 10 Pac. 554, and the rule announced in that case is applied in *Robinson v. Smalley,* ante, p. 842, decided by this court at the present session. However, this question is not controlling here. The word "sale" is doubtless broad enough to cover any agreement by which the passing of any interest in real estate is to be accomplished. A promise to devise a specific tract of land is within the stat-

ute. This case was decided upon the theory that the contract involved did not necessarily concern real estate—that at the time it was made it was possible that it might be fully carried out without the passing of title to any realty whatever. Our judgment was and is that that view is in accordance with reason and not out of harmony with the effect generally given to the statute of frauds, although expressions and decisions to the contrary may be found. In *Renz v. Drury*, 57 Kan. 84, 45 Pac. 71, the enforcement of a contract to make a foster child an heir was denied upon the ground that it was within the statute, but the point that the acquisition of no specific property was involved was not touched upon in the briefs or opinion, the court merely following *Baldwin v. Squier*, 31 Kan. 283, 1 Pac. 591, where the agreement was to devise a specific tract of land.

2. In the original opinion one reason given for not reversing the judgment on account of the exclusion of certain evidence, was that it was not within the pleadings. It is now suggested that in ejectment any defense may be made under a general denial. The action was not ejectment. Comment is made upon the statement in the opinion that "the action is for the recovery of a third of the specific property." This was not intended to mean that the action was a possessory one—for the recovery of the possession of specific property—and we do not regard it as fairly open to that interpretation. Moreover, even in ejectment, where a defendant elects to set out specifically the facts on which he relies, his pleading is governed by the same rules as in other actions. (*Wicks v. Smith*, 18 Kan. 508.) Another reason why a reversal should not be ordered by reason of the rejection of evidence of a claim by the defendants based upon a contract with the grandfather, is that the questions asked of the witness did not suggest any inquiry into that subject, and during the trial no offer of proof appears to have been made relating thereto. Time was taken to put in writing what was intended to be proved by the witness, but neither the abstract nor the transcript shows that any such statement was presented to the court until the motion for a new trial was heard. The rule requiring the presentation of excluded evidence at the hearing of that motion does not excuse the offer of proof at

Stahl v. Stevenson.

the trial. (*Jones v. City of Kingman,* 101 Kan. 625, 168 Pac. 1099.) We should be reluctant to allow the final disposition of the case to turn upon any technical rule of practice, but we are impressed with the belief that the evidence in question was not vital. As mentioned in the original opinion, the court offered to permit the witness to testify if he would disclaim interest. But, while it was stated that he had no interest and claimed none, no disclaimer was made. This course does not indicate that the defendants themselves attached great importance to the testimony.

3. The defendants assert that, upon the theory adopted by the court, the plaintiff's remedy lay in an action for damages for breach of the contract. There is a well-recognized power in a court of equity to give relief in such cases. The equitable proceeding is sometimes spoken of as one for specific performance, but where verbal accuracy is aimed at it is described as one for relief analogous to specific performance, "by fastening a trust on the property in the hands of heirs" and others. (36 Cyc. 735, 736.) The defendants insist that, regarded in this light, the action must fail because the plaintiff is compelled to rely upon an express trust in real estate created without a writing, which is rendered void by the statute (Gen. Stat. 1915, § 11674), and a case is cited which seems to adopt that view. (*Dicken v. McKinley,* 163 Ill. 318.) It is our judgment, however, that the trust relied upon by the plaintiff arises by implication of law. No interest in the property then owned by the plaintiff's grandfather was created by their agreement, and no trust then arose with respect to any of that property. He might have given away or lost all the property he then had without a violation of his contract. But when he died leaving a will giving to others everything he owned at the time of his death, equity was empowered to impress a trust upon it for her benefit, as a means of giving her relief to which she is entitled in good conscience —a trust which we regard as resulting by implication of law from the conduct of the testator and the relation of the other claimants to the property.

"Express trusts are those which are created by the direct and positive acts of the parties, by some writing, or deed, or will; or by words

either expressly or impliedly evincing an intention to create a trust.

"Implied trusts are those which, without being expressed, are deducible from the nature of the transaction as matters of intent, or which are superinduced upon the transaction by operation of law as matters of equity, independently of the particular intention of the parties. Express and implied trusts therefore differ chiefly in that express trusts are created by the acts of the parties, while implied trusts are raised by operation of law, either to carry out a presumed intention of the parties or to satisfy the demands of justice or protect against fraud." (39 Cyc. 24, 25.)

4. A final contention of the appellants is that a contract of the plaintiff with her grandfather that she was to receive a third of the property he owned at his death would be testamentary in character and unenforceable because not executed in accordance with the statute in relation to wills. In support of this are cited *Hazleton v. Reed*, 46 Kan. 73, 26 Pac. 450, and other like cases, holding that an instrument undertaking to become effective as a conveyance of title at the death of the grantor is testamentary and not contractual, and therefore is revocable. We do not regard that principle as applicable here. If a will were formally executed devising property in accordance with a contract between the testator and the devisee, the will would be revocable as a will, but the contractual rights of the beneficiary would not thereby be abrogated. Here there was no attempt to vest title to specific property in the plaintiff at the time of her grandfather's death, but an undertaking on his part so to adjust his affairs that she should receive a third of his estate. The title which it was contemplated the plaintiff should receive was not to be created directly by the contract, but by her grandfather's will, or by the statute of descents and distributions in case of his intestacy. The contract in this aspect does not appear to be substantially different from others by which the obligator undertakes that provision shall be made at his death for the obligee. Such agreements are not required to be executed as wills. (*Winne v. Winne*, 166 N. Y. 263; *In re McIntosh's Estate*, [Iowa] 159 N. W. 223; *White v. Winchester*, 124 Md. 518.)

The petition for a rehearing is denied.