## THE CITY OF WELLINGTON v. WM. C. GREGSON.

| 31 | 99 |
|----|-----|
| 41 | 325 |
| 31 | 99 |
| 54 | 98 |
| 31 | 99 |
| 62 | 64 |
| 31 | 99 |
| 69 | 673 |

1. CITY — *Duty as to Streets.* While generally speaking it is the duty of a city to keep its streets in reasonably safe condition for public travel, it is not thereby implied that every street and the whole width of every street must be placed and kept in good condition. The city may, without incurring liability, leave certain streets entirely unopened, and in others put only a portion of the width in condition for use.

2. NEGLIGENCE *as to Streets; Questions for Jury.* Whether in any given case a city can be charged with negligence in failing to improve and render safe for use the entire width of the street, and also whether when it has put a portion in good condition it can be charged with negligence on account of posts, stakes, or other obstructions outside of the traveled track, are ordinarily questions of fact for the determination of a jury.

3. BODILY INJURIES; *Negligence; Erroneous Instruction; Jury.* Hence in an action against a city to recover for personal injuries caused by the

overturning of a buggy, in which it appeared that at the corner of two streets a post two feet high and sloping at an angle of 45° from the streets had been placed to prevent wagons from running against shade trees; that the traveled track either touched or ran very close to the bottom of the post, and that weeds and grass had grown up on either side and in the rear of the post, partially at least concealing it; and also that the injury was caused by the wheels of plaintiff's buggy running against this post, thereby upsetting it and throwing him with violence to the ground: *Held,* That the court erred in giving the following instruction: "I say to you as a matter of law, that anything placed so near to the traveled part of a public road as to be liable to be run upon or over is liable to produce delay, accident, or inconvenience, such obstacle so placed is such an obstruction as renders a city liable for injuries sustained by reason thereof, if not produced by want of ordinary care and prudence of the person injured;" that whether the city was guilty of negligence in permitting the post to be so placed and remain, was a question of fact for the jury, and that it could not be affirmed that as matter of law the city was guilty of negligence in permitting such an obstruction.

### *Error from Sumner District Court.*

ACTION by *Gregson* against the *City of Wellington,* to recover damages for bodily injuries. Trial at the April Term, 1882, before H. G. R., judge *pro tem.,* and a jury. Verdict for plaintiff for $325. New trial denied, and judgment thereon for plaintiff. The defendant city brings the case here. The opinion states the facts.

*Herrick & George,* for plaintiff in error.

*McDonald & Parker,* and *Isaac G. Reed,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error (plaintiff below) commenced his action in the district court of Sumner county to recover of the city of Wellington damages for personal injuries received in consequence of being thrown from a buggy on the streets of said city. The undisputed facts are, that while driving in a buggy in the early part of the evening of July 3, 1881, the wheels of the buggy struck against a post on the corner of G and Third streets, upsetting the buggy,

and throwing the plaintiff violently upon the ground. The case was tried before a jury, which returned a verdict in favor of plaintiff in the sum of $325. It appears that about one year before the accident the owner of the adjoining lots set out some trees in front of his premises, and put this post in the street about twelve feet from the corner of his lots for the purpose of preventing wagons from striking against the trees. The post was about two feet in height above ground, slanting at an angle of about 45 degrees from the traveled track toward the lots. It appears that grass and weeds had grown up about the post, though to what extent they concealed it is not perfectly clear from the testimony. Both streets cornering here were perfectly level, and there was a traveled track passing from one street to the other, and near to this post. Exactly how near it came to the bottom of the post is a matter of dispute on the testimony. The errors complained of are in the instructions.

Counsel for the city criticise the language of several instructions, in that they affirm the liability of the city unless the injury was *caused*, or *occasioned*, or *produced* by the fault or negligence of the plaintiff, claiming that this implies that the fault or negligence of the plaintiff must be the sole and not a mere contributing cause of the injury. We shall not stop to consider how far this criticism is just, for in the principal instructions the rule is stated with unquestionable accuracy, and we cannot think that the jury were misled in the language used in those other instructions. We think, however, that the court erred in one instruction, and erred to the prejudice of the substantial rights of the city. That instruction reads as follows:

"I say to you as a matter of law, that anything placed so near to the traveled part of a public road as to be liable to be run upon or against without diverting wholly from the traveled way, and when run upon or over is liable to produce delay, accident or inconvenience, such obstacle so placed is such an obstruction as renders a city liable for injuries sustained by reason thereof, if not produced by want of ordinary care and prudence of the person injured."

Now this is not correct as a general proposition, is not correct as applied to the facts of the present case, and improperly withdraws from the jury one of the questions of fact which it was its province to determine. As beyond any question the post referred to was within a foot or two of the traveled track, if not immediately on its border, it was liable to be run upon or against without diverting wholly from the traveled way, and was of such height that a buggy running over it would, as in this case, upset; and thus delay, accident or inconvenience be caused. Therefore, within the terms of the instruction, it was such an obstruction as rendered the city, as matter of law, liable for the injuries it occasioned. In other words, the court affirmed as matter of law negligence on the part of the city, leaving for the determination of the jury really only the question of contributory negligence. Now the existence of a post or other object large enough to upset a buggy or wagon running over it within a carriage-width of a traveled track, is not necessarily, and as a matter of law, such an obstruction as renders the city liable for injuries occasioned thereby. It may or may not be such an obstruction, depending upon a variety of circumstances; and ordinarily, whether it is or not, is a question of fact to be determined by the jury. In other words, the city is not bound, as matter of law, to keep not only the traveled track in good and safe condition, but also to keep a space of a carriage-width on each side of such traveled track free from posts, stones, or other objects large enough to upset a buggy or wagon running over them. And yet that is substantially what the court instructed the jury. It is unquestionably the duty of the city to keep its streets in a reasonably safe condition for travel in the ordinary modes. In 2d Dillon on Municipal Corporations, 3d ed., § 1019, the author says:

"It is sufficient, we think, if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and whether they are so or not is a practical question, to be determined in each case by its particular circumstances."

In the discharge of this duty, in places it must keep the whole width of the street in a safe condition for travel. (*Bryant v. Biddlefield*, 39 Me. 193.) In other places it is sufficient if it keep a traveled track in good repair. (*Hull v. Richmond*, 2 Woodb. & M. 337; *Ireland v. Plank Road Co.*, 13 N. Y. 526; *Bassett v. St. Joseph*, 53 Mo. 290; *Brown v. Glasgow*, 57 id. 157.)

Whether in any given case the public needs are such as to require the whole width of the street to be kept in safe condition, is generally a question of fact for the jury. In 2 Dillon, *supra*, § 1016, the rule is thus laid down:

"Nor is a municipal corporation bound to keep all of its streets and all parts of the streets in good repair; but when it opens a street and invites public travel, it must be made reasonably safe for such use; but this does not necessarily imply as a matter of law that the whole width of the street must be in good condition. Whether the street was wide enough to be safe; whether it was in a reasonably safe condition for public use by travelers who use ordinary care to avoid injury, are almost always questions for the jury." (See also *City of Wyandotte v. Gibson*, 25 Kas. 236; *Osage City v. Brown*, 27 id. 74; *Maultby v. City of Leavenworth*, 28 id. 745.)

It is a familiar fact that in all our cities lot-owners are accustomed to plant shade trees in front of their lots. Many streets are thus rendered beautiful by the long rows on either side. Especially is this true in the residence portion of the city. Sometimes these trees are in the sidewalk, but more often just outside the sidewalk, in the street proper. Often, especially when the trees are young, they are inclosed with boxes or railing, to prevent their injury by straying cattle or passing teams. Can it be that permitting these things is *per se* negligence on the part of the city; that every time a buggy runs against one of these trees or its protection, the city is liable for all injuries, unless the driver was also negligent? Cannot a party put a hitching-post in front of his residence without exposing the city to a charge of negligence, unless he has placed it more than a carriage-width from the traveled

track? These questions carry their own answer. The circumstances of each case must determine whether tree, or post, or any other thing that a buggy may run upon or against, is by reason of its proximity to the traveled track an obstruction, whose continuance brands the city with negligence. The question is not whether a city may grant permission to one to occupy the street with trees, and railing, and posts, but whether the city must keep its streets and all its streets free from all such objects, or be held always, as matter of law, guilty of negligence and liable for all injuries resulting therefrom.

We think the district court erred in practically holding that as matter of law the city was, under the circumstances, guilty of negligence in permitting the post to remain where it was, and in not leaving the question of negligence in this respect more fully and entirely to the judgment of the jury.

We do not mean by this decision to acquit the city of responsibility, or to decide that there was no negligence on its part. We think a very fair question is presented upon which different minds would easily come to different conclusions, and that it is the province of a jury and not that of a court to determine it.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.