NANNIE ATCHISON, Respondent, v. THE CITY OF
ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, November 16, 1908.**

1. **TRIAL PRACTICE: Instructions: Evidence: Scienter.** An
instruction in the face of the evidence is properly refused,
and this is applied to a traveller's knowledge of a balustrade in
a viaduct in a street.

2. ――――: ――――: **Pleading.** Instructions submitting an hy-
pothesis not authorized by the petition is properly refused.

3. **MUNICIPAL CORPORATIONS: Obstructions: Streets: Pub-
lic Necessities.** A city cannot rightfully maintain or per-
mit obstructions in its streets; but this rule does not obtain
in regard to obstructions of a permanent class incident to
public necessities authorized by law, such as viaducts, etc.

Appeal from Buchanan Circuit Court.—*Hon. Chesley
A. Mosman,* Judge.

REVERSED AND REMANDED (*with directions*).

W. B. Norris and O. E. Shultz for appellant.

(1) The court's refusal to give instruction
V, for plaintiff, was not error and did not enti-
tle plaintiff to a new trial for the reasons, (a) that
the part in italics assumes that the girder was an ob-
struction; (b), that there was no evidence to call for
such an instruction, as plaintiff knew of the location of
the girder of which she complains; (c), that it was not
such error as would be prejudicial to plaintiff. (2)
The court's refusal to give instruction VI, for
plaintiff, was not error and did not entitle the
plaintiff to a new trial for the reasons, (a), that plain-
tiff's instruction A, including everything asked for in
instruction VI; (b), that the portion in italics is not
justified by the pleading, as they declare a total ab-
sence of light; (c), that it was not such error as would
be prejudicial to plaintiff. (3) The court committed
error in refusing to sustain defendant's demurrer to the
evidence. Seibert v. Railroad, 188 Mo. 657.

*John S. Boyer* for respondent.

(1)   Plaintiff was entitled to instruction V, and the trial court was right in granting plaintiff a new trial on the ground that said instruction was refused. Perrette v. Kansas City, 162 Mo. 250; Cassaday v. Kansas City, 119 Mo. App. 118; Holloway v. Kansas City, 184 Mo. 30.   (2)   Plaintiff was entitled to instruction VI, and the trial court was right in granting plaintiff a new trial on the ground that said instruction was refused.   Davenport v. Hannibal, 108 Mo. 478; Russell v. Columbia, 74 Mo. 480.   (3)   The reasons assigned by the trial court for granting plaintiff a new trial are sufficient.   However it is the law that although the court assigned a wrong ground for granting a new trial this court will uphold the action of the trial court if it can find support on any other ground recited in the motion.   Morelock v. Railroad, 112 Mo. App. 644; Davenport v. Hamilton, 108 Mo. 477, 478; Russell v. Columbia, 74 Mo. 480; Milling Co. v. Transit Co., 122 Mo. 269; Millar v. Car Co., 130 Mo. 523; Baughman v. Fulton, 139 Mo. 559; Hoepper v. Hotel Co., 142 Mo. 390.

ELLISON, J.—Plaintiff was injured by being thrown from a buggy while driving over a viaduct maintained by the defendant city along and as a part of one of its streets.   She brought this action for damages. The verdict was for the defendant.   The trial court granted plaintiff a new trial and defendant appealed from that order.

The reason assigned by the court for ordering a new trial was that it considered it had committed error in refusing instructions numbered 5 and 6, offered by the plaintiff.   We think those instructions were properly refused.

The evidence shows the viaduct consisted of a roadway of ample width and that on either side there was a

sidewalk space of about six feet.  Those sidewalk spaces
were protected on the outside by a railing extending
from down along the street before the viaduct was
reached, and were separated from the roadway on the
viaduct by a part of the structural iron work or large
girder rising out of the floorway of the bridge or viaduct
a height of more than two feet.  This extended the full
length of the bridge and at either end, on each side,
stood perpendicular.  It is thus seen that one driving a
vehicle along the street approaching the viaduct must
avoid this structure so dividing the sidewalk or foot-
bridge as it is called in the record.

Plaintiff, with a companion, who was driving, were
in a buggy passing along the street approaching the
viaduct, in the nighttime.  They drove the buggy so as
to collide with the end of the girder and balustrade de-
scribed.  She was thrown out and injured.  She admit-
ted, in giving evidence in her own behalf, that she knew
of the construction of the viaduct and of the girder di-
viding the sidewalk or footbridge from the main road-
way, but said she did not know it was so far (six feet)
out in the viaduct.  We regard her statement, in the
circumstances disclosed by the record, as showing that
she knew as much as anyone could know without taking
specific measurement, all about the position of the gir-
der so separating the roadway from the footway.  And
for that reason the court did not improperly refuse her
instruction numbered 5, which is affirmatively based
upon "the absence of any knowledge upon her part of
the position and location of said girder" and the ob-
struction made thereby.  The instruction was in the face
of the evidence.

Instruction numbered 6 was not improperly refused
for it submits an hypothesis not authorized by the pe-
tition.  The petition charges that no lights were burn-
ing at the time of the injury.  The instruction submits
that question and then proceeds to submit that if there

were street lights burning yet "if the viaduct was not reasonably safe for travel at said time," defendant was liable.

But, aside from the foregoing considerations, which result in sustaining the verdict for defendant, and reversing the order for new trial, it is manifest that the plaintiff was without legal standing for her complaint. In general terms it may be said that a city cannot rightfully maintain or permit to be maintained obstructions in a street. Yet that rule does not obtain concerning that class of permanent obstructions which are incident to public necessities authorized by law, such as telegraph or telephone poles, supports for viaducts passing over streets, etc., etc. This principle was brought out and considered by the Supreme Court in an opinion by MARSHALL, J., in Siebert v. Railroad, 188 Mo. 657, a case which may well be likened to the one at bar.

We do not regard other causes assigned outside the reasons stated by the trial court, as sufficient to sustain the order.

The judgment will be reversed and the cause remanded with directions to enter judgment on the verdict. All concur.