GEORGE E. SHANNON, Administrator, Appellant, v. CITY OF COUNCIL BLUFFS, Appellee.

MUNICIPAL CORPORATIONS: Streets and Alleys—Obstructions in
1   Form of Bridge Truss.  A city is not negligent in constructing and
    maintaining in a public street a bridge which has a dark, unpainted
    truss 16 inches wide and 10 feet high in the *center* thereof, (1) when
    the bridge is ample to properly care for all travel at said point, and
    (2) when the lights maintained are such as will enable any person
    to see said obstructing truss when approaching it with reasonable
    watchfulness.

MUNICIPAL CORPORATIONS:    Streets  and  Alleys—Contributory

2  **Negligence.** On the issue whether a city has been negligent in
maintaining an obstruction in the center of a public street, *some*
consideration may be given to the fact that the driver of an auto-
mobile is under a statutory duty to "at all times travel on the
right-hand side of the street, as near the curb as the condition of
the street will permit." (Sec. 1571-m18, Code Supp., 1913.)

**MUNICIPAL CORPORATIONS:** Streets and Alleys—Duty to Light
3  **Streets.** A city is not necessarily negligent because it fails to keep
a street lighted.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER,
Judge.

DECEMBER 15, 1922.

ACTION for damages for injuries resulting in the death of
plaintiff's intestate. The accident was due to a collision be-
tween an automobile in which the decedent was riding, and a
truss on a bridge in a public street. The trial court directed a
verdict in behalf of the defendant, at the close of plaintiff's tes-
timony, and plaintiff appeals.—*Affirmed.*

*North & Donovan, T. A. Donohoe,* and *H. V. Battey,* for
appellant.

*Morgan, Killpack & Blanchard,* for appellee.

FAVILLE, J.—Broadway is one of the principal streets in
the city of Council Bluffs, and runs east and west. Near Thir-
teenth Street in the western part of said city, Broadway crosses
a stream known as Indian Creek. The street is
approximately 46 feet wide from curb to curb.
The bridge is a trifle over 53 feet wide. It is
what is known as a truss bridge, and is sup-
ported by three trusses, one on the outside at each side of the
bridge, and a center truss in the middle of the bridge. This
plan of construction leaves a space for travel on each side of
the center truss of 26 feet 7 inches. The center truss is 14 to
16 inches in width, and slopes from the paving to a height of
about 10 feet. The bridge is constructed on a level with the

1. MUNICIPAL
CORPORATIONS:
streets and al-
leys: obstruc-
tions in form of
bridge truss.

street.  At one time, the street on which the bridge is located was
paved for a width of about 14 feet; but, something like 6
years before the accident, the space between this paving was
filled with pavement which was more smooth than the old pav-
ing at the sides of the street.  The bridge had been maintained
in this condition for many years, the exact date of its construc-
tion not being shown in the record.  It is conceded that the city
officials of the city of Council Bluffs knew of the manner of
construction and maintenance of the bridge, and of its condition
since some time in August of 1916.  At one time, it appears the
center truss of the bridge had been painted white on the ends;
but, owing to the lapse of time and the action of the elements,
the white paint had been obliterated and stained, so that the
center truss was not distinguishable by its color from the re-
mainder of the bridge.  At the time in question, there was a
row of arc lights extending along said street.  The light near-
est to the bridge on the west side was about 300 feet therefrom,
and the light nearest on the east side was about 40 feet distant.
A little after midnight, on March 4, 1919, appellant's intestate,
with four other persons, was riding in an automobile moving
eastward on said street.  The car was a new ''Douglass Eight,''
which had been purchased by one Shank the day before.  Shank
was driving the car, and one of the occupants was sitting with
him in the front seat.  The other three occupants, including
appellant's intestate, were sitting in the back seat.  The only
occupant of the car who survived the accident estimated the
speed at which the car was going as 30 miles an hour.  The
dimmers were lighted on the car.  In approaching the bridge
in question from the west, the automobile was traveling near
the center of the street on the smooth pavement.  Just before
the collision, the party riding in the front seat with the driver
grabbed for the steering wheel.  Some portion of the automobile
struck the center truss of the bridge.  The car landed east' of
the bridge on the west curb of Thirteenth Street, a distance of
some 75 feet from the point of the collision.  There was evi-
dence that some of the rivets on the truss had been sheared off,
evidently from the impact of the car.

I.  The primary question in the case is whether or not the

appellee city was guilty of negligence in the manner in which the bridge in question was constructed and maintained.

Code Section 1572 provides that:

"Bridges erected or maintained by the public constitute parts of the road, and must not be less than 16 feet in width."

The bridge as constructed was a double bridge. It was practically the same as if two bridges, each 26 feet 7 inches in width, had been placed side by side, using a truss in common at the line of juncture. Appellant contends that this plan of construction was a negligent one, because it left the center truss, 14 to 16 inches in width, in the center of the street. There was, however, a driveway 26 feet 7 inches in the clear on either side of this truss. As we understand the record, the construction of the bridge, with the center truss and driveway 26 feet 7 inches wide on either side, resulted in a diversion of the traffic, so that vehicles moving westward all passed on the north side of the bridge, while those moving eastward all passed on the south side of the bridge. This prevented the possibility of collision of vehicles passing in opposite directions upon the bridge. In this it had its advantages. Appellant lays great stress upon the case of *Rusch v. City of Davenport*, 6 Iowa 443, wherein we said:

"As commerce and safety are the essential conditions of a well maintained highway, both at common law and by statute, if a bridge is built 48 feet wide, where the exigencies of travel seem to require it, it must be kept in good condition for its whole width."

This pronouncement was made in a case where the traveled portion of the bridge was 48 feet wide, and where there was a hole in the traveled portion which caused the injury complained of. No such situation is presented here. It was necessary that the appellee city construct a bridge across Indian Creek. A single structure 16 feet in width, while complying with the statute, would undoubtedly have been wholly inadequate to meet the requirements of travel at this point. There is no suggestion' in the record, however, that the bridge as constructed was not ample and adequate to accommodate the travel upon the street. The record shows that the bridge had been maintained in this condition for many years. The question at this

point is whether the construction of the bridge with a truss in practically the center of the street constituted negligence, even though the bridge was so constructed as to adequately and amply provide for all of the travel at that point.

It is not every so-called "obstruction" in a public street that renders a city or other municipality liable for negligence because of its existence. Stepping stones, hydrants, shade trees, trolley poles, lamp posts, and the like are legitimate and necessary obstructions on public streets. *Dubois v. City of Kingston*, 102 N. Y. 219 (6 N. E. 273); *Wolff v. District of Columbia*, 196 U. S. 152; *Ring v. City of Cohoes*, 77 N. Y. 83 (33 Am. Rep. 574); *Dougherty v. Trustees of Village of Horseheads*, 159 N. Y. 154 (53 N. E. 799); *City of Wellington v. Gregson*, 31 Kan. 99 (1 Pac. 253).

Whether or not an obstruction is erected or maintained negligently depends upon the facts and circumstances of each particular case. A bridge across a stream on a public highway is a necessity. Those traveling the public highways are bound to know that they must cross streams by means of bridges, and it is a matter of common knowledge that nearly all such bridges are constructed with trusses, balustrades, or guard rails on each side. The ordinary country road is usually 66 feet in width. Where such roads are graded, the roadbed suitable for travel varies from 20 to 28 feet. The statute requires that bridges shall be 16 feet in width. A traveler on a road where the traveled portion is 20 or more feet in width is bound to know that he is liable to come to a bridge that is only 16 feet wide, with trusses on each side. It is his duty to so drive over this narrowed passageway as to avoid collision with the trusses or guard rails of the bridge.

In *Kendall v. City of Des Moines*, 183 Iowa 866, we said:

"The driver of an automobile has the right to assume that the street is in a safe condition for travel, and that the city has exercised a proper degree of diligence and caution to keep it so. *Frazee v. City of Cedar Rapids*, 151 Iowa 251; *Frohs v. City of Dubuque*, 169 Iowa 431. It is, however, the duty of the driver of an automobile to exercise ordinary and reasonable care for his own safety and that of the property intrusted to his care."

At the time of the accident in question, there was a stat-

ute, Section 1571-m18, Code Supplement, 1913, which pre-
scribed the duties of the driver of an automobile in cities. It

2. MUNICIPAL
CORPORATIONS:
streets and al-
leys: contribu-
tory negligence.

provided that such driver should "at all times
travel on the right-hand side of the street, as
near the curb as the condition of the street will
permit." The question of appellee's negli-
gence is to be considered somewhat in the light of this statute.
The driver of an automobile moving eastward on Broadway,
if obeying this statute as he approached and was about to cross
Indian Creek, would have before him an open passageway 26
feet 7 inches in width, with a truss on each side, and with the
traffic on said passageway all moving in the same direction as
the said automobile. There is no claim that the passageway so
provided was inadequate. or too narrow to fully accommodate
all traffic thereon.

At this point, we hold that, under the circumstances shown,
the city was not guilty of negligence merely from the fact that
it constructed the bridge as a double bridge, with a central
truss in the middle of the street.

II.  It is the claim of the appellant that, even if the city
was not negligent in the manner of the construction of the
bridge, it was guilty of negligence in the manner in which it
was maintained.

It is often necessary to create obstructions in public streets,
and a city is not necessarily negligent in so doing. The construc-
tion and repair of paving and sidewalks, and many other things,
constitute necessary "obstructions" to streets, and a city is
not liable for negligence merely because of the existence of such
obstructions. If there be negligence, it usually lies in a failure
to properly guard or light such obstruction, so as to warn trav-
elers of the existence of the same. Such is the rule recognized in
*Stern v. International R. Co.*, 220 N. Y. 284 (115 N. E. 759).

In the instant case, the appellant contends that appellee
was negligent in not painting the center truss of the bridge
white, and maintaining it in that color, so that the driver of
the car could have seen the same and averted the collision, and
in failing to properly light the bridge.

It must be conceded that ordinarily the question as to
whether or not a city has properly lighted or guarded an ob-

struction in a street is one of fact, to be determined by a jury. *City of Wellington v. Gregson,* supra.

The evidence shows that the center truss was of dark color at the time of the accident. The evidence also shows that there were arc lights burning both east and west of the bridge, one being about 40 feet from the bridge and the other about 300 feet. One witness testified that, within about two hours after the accident, he was at the place in question, and could see from the west end of the bridge to where the wrecked automobile was lying, on the west curb of Thirteenth Street, which, as we understand the record, was some 75 feet distant. The laws of this state do not require cities and towns to light the streets. It is not negligence to fail to do so, unless the condition of the street is such that reasonable care on the part of the city would require that it be lighted.

3. MUNICIPAL CORPORATIONS: streets and alleys: duty to light streets.

The undisputed evidence shows that the bridge was sufficiently lighted at the time to have readily disclosed the existence and location of the truss to one driving on the street in a lawful manner and at a lawful rate of speed. A contrary finding by a jury would have been without support in the evidence. The court, therefore, did not err in sustaining appellee's motion for a directed verdict.

It is unnecessary for us to pass upon other questions argued by counsel, including contributory negligence and imputed negligence.

As we hold that the appellee was not guilty of negligence under the record, it follows that the judgment of the district court must be, and the same is,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.