W. H. FERGUSON, Appellee, v. CITY OF DES MOINES, Appellant.

**MUNICIPAL CORPORATIONS:** Streets—Negligence. Evidence re-
1  viewed, and held insufficient to show negligence on the part of city
employees in the placing of a lighted lantern on road material placed
in the street.

**NEGLIGENCE:** Proximate Cause—Warning Signal in Street. An act
2  of negligence affords no basis for a cause of action, unless shown
to be the proximate cause of the injury. So held in reviewing the
evidence relative to the alleged negligent placing of a lantern on a
street obstruction.

*Appeal from Des Moines Municipal Court.*—HERMAN F. ZEUCH,
Judge.

APRIL 1, 1924.

ACTION for damages to plaintiff's automobile, caused by a
collision with a street car. The defendant city was sued because
of an alleged obstruction on the street, causing the driver of the
automobile to divert his course and come in collision with a mov-
ing street car. Verdict for the plaintiff, and the defendant ap-
peals.—*Reversed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,*
and *Paul Hewitt,* for appellant.

*Ed. R. Brown* and *Paul G. James,* for appellee.

FAVILLE, J.—About nine o'clock in the evening of the 19th
of October, 1922, appellee's son was driving appellee's automo-
bile in a northerly direction on East Ninth Street in the city
of Des Moines. There is a street-car track on said street. The
street is thirty-five feet in width from curb to curb. The auto-
mobile was being driven on the right-hand, or east, side of the
street. East Ninth Street is intersected at right angles by
Sheridan Avenue, which runs east and west, and a street light
is located at the intersection of these streets. The night in ques-

tion was described as being a "bright" night. The evidence tends to show that appellee's automobile was being driven at the time at a speed of fifteen or twenty miles an hour. The automobile was in good condition. The headlights were lighted, and the brakes in good working order.

On the east side of the center of East Ninth Street, and ten or fifteen feet south of the intersection of Sheridan Avenue, there was a pile of dirt, located nearer the street-car track than the right curb of the street. This pile of dirt was about a foot in height, and about three feet long, and was narrow on top. It had been placed there by the city authorities for use in repairing a small amount of pavement in that locality. About three or four o'clock in the afternoon of the day in question, an employee of the city placed a lighted lantern upon this pile of dirt. The evidence shows without dispute that the lantern was an ordinary-sized lantern, with a red globe, and was properly filled and cleaned, and had a suitable wick. The party who placed the lantern upon the pile of dirt imbedded the base of the lantern about an inch in the dirt, to give it a footing, and as additional security placed a piece of cement, estimated in the evidence to be approximately six inches square, against the base of the lantern on the south side. As the driver of the automobile approached this pile of dirt, coming from the south, he did not observe the lantern and the pile of dirt until, as he claims, he was within some ten or fifteen feet of it. He had already seen a street car which was approaching from the north on East Ninth Street, which he locates as being at that time approximately a half block north of the intersection of the two streets. He did not attempt to pass to the right of the pile of dirt, although the evidence tends to show that there was room for him to have passed in safety between the pile of dirt and the curb on the right-hand side of East Ninth Street. The driver's testimony is to the effect that he thought there was an opening in the pavement, so that he could not drive to the right of the pile of dirt. There was in fact no such opening. The driver did not attempt to stop his car, but he diverted the automobile to the left, to pass the pile of dirt, and the automobile was struck by the approaching street car and injured; and this suit is brought to recover for the damages so caused.

I.   The appellant submitted a motion for a directed verdict, on the ground that the evidence failed to show that it was guilty of negligence.   This was overruled.

1. MUNICIPAL CORPORATIONS: streets: negligence.

The evidence in behalf of appellee on this question must be considered in the light most favorable to appellee.   The evidence shows that, at the time of the accident and immediately thereafter, the globe of the lantern located upon the pile of dirt was smoked, and that the light was obstructed thereby and made dim.   The exact distance at which the red light could be observed by a person approaching from the south is variously estimated, and is somewhat uncertain, under the record.   It was a bright, clear night, and the arc light on the corner aided somewhat in lighting the locality where the pile of dirt was placed.

The trial court held that the case presented a question for the determination of the jury as to the negligence of appellant in regard to the manner of the placing of the lantern upon the pile of dirt.   The city was not negligent *per se* in having the pile of dirt upon the street, provided that it took ordinary, usual, and reasonable precautions to warn the public of the presence of such obstruction to travel.   *Shannon v. City of Council Bluffs*, 194 Iowa 1294.

It is not seriously contended by appellee that the city was negligent in failing to adopt some other method than that of placing a red light upon the pile of dirt.   The contention at this point narrows itself down to the single proposition as to whether or not appellant was negligent in the manner in which its employee placed the lantern upon the pile of dirt.   It is claimed that appellant is liable for negligence because the employee placed a piece of cement upon the edge of the bowl of the lantern, and it is claimed that this caused the lantern to tip to one side, so that the globe became smoky and dimmed the light, and the same did not afford proper and adequate warning.

The evidence shows without dispute that the lantern was cleaned, and was in good condition, and was placed on top of the pile of dirt between the hours of three and four in the afternoon; that at that time it was burning properly; and that the bowl was imbedded about an inch in the dirt, in order to give the lantern security.

Appellee does not contend that appellant was negligent to this point, but does contend that appellant's employee was negligent in placing the piece of cement against the base of the lantern on the south side, and in leaving the lantern in this condition. There is no evidence in the record in regard to the condition of the lantern from the time it was placed upon the pile of dirt by the city workman, between three and four o'clock in the afternoon, until at or about the time of the accident. There is evidence tending to show that, shortly after the accident, the lantern was found to be in a smoky condition, and the testimony is to the effect that it was then leaning slightly toward the south.

There is no evidence that the placing of the piece of cement against the base of the lantern caused the same to slant or tip to the south. This is a mere inference. There is evidence that the pile of dirt was soft, and there is some reference in the record to its being "sand." Whether the lantern did tip to the south because of the placing of the piece of cement on that side of the base was wholly a matter of conjecture. It might have produced that effect, and it might not have produced it. The jar from the movement of passing vehicles, the action of the wind, interference by children or animals, and many other things *might* have caused the lantern to tip quite as much as the placing of the piece of cement against the base, which was put there for the purpose of holding it upright and to prevent it from being dislodged. There is no claim whatever in the testimony that the lantern was originally placed in anything but an upright position, and no claim that, when it was left by the city workman, it was not in a proper condition. What caused the lantern to tip slightly from an upright position to a slanting position, so that the globe became somewhat smoked, is wholly a matter of conjecture and speculation.

The burden rested upon appellee to establish his allegation of negligence in failure to properly warn the public of the obstruction upon the street. We do not think that appellee carried this burden.

It is not seriously contended, and could not well be, but that the proper placing of a filled and lighted red lantern upon this pile of dirt three feet long and a foot high was a reasonable precaution to protect the public. Such methods of warning are

frequent and common under similar circumstances. Under the record, there was no sufficient evidence to take to the jury the question as to whether or not the placing of the piece of cement against the base caused the lantern to tip or to become smoky, or was a negligent act on the part of the city.

There is no evidence whatever to carry to the jury the question of any notice or knowledge to appellant city that the lantern, after having been lighted and placed upon the pile of dirt, became in a slanting position or was smoky. We therefore reach the conclusion that the court erred in refusing to sustain appellant's motion for a directed verdict because of a failure of proof of negligence on the part of appellant.

II. Another question that necessarily arises in this case is as to whether or not the alleged act of negligence on the part of the city was the proximate cause of the injury to appellee's automobile.

2. NEGLIGENCE: proximate cause: warning signal in street. Can it fairly be said that the negligence, if it be negligence, on the part of appellant's employee in placing the piece of cement against the side of the bowl of the lantern, even though it caused the lantern to tip and the globe to become smoky, was the proximate cause of the injury to appellee's automobile? The automobile was being driven at a speed of fifteen or twenty miles an hour. The driver saw the approaching street car a half block away. He made no effort to divert the automobile to the right side of the street, where he might have passed in safety, but claims he thought that there was an open sewer, and therefore diverted the car to the left. He saw the on-coming street car a half block or more distant. He was at that time approximately fifteen feet south of the intersection of East Ninth Street and Sheridan Avenue. He made no attempt to stop his automobile or check its motion. He turned his automobile to the left, directly in front of the approaching street car, and was struck by it.

It is urged that a sudden emergency confronted him, and that he was not required to act with the best of judgment. This may be conceded. The question involved at this point is not one of contributory negligence, but is a question of proximate cause of the injury. Was it the sudden diversion? Was it the failure to apply the brakes and stop the automobile? Was it

the speed with which the street car was approaching and the failure of the motorman to check it, or was it the act of appellant's employee in placing a piece of cement against the bowl of the lantern, the previous day? The question of proximate cause must be determined by the facts of each case. The rules of law on the subject are well established. It is not every accident that can be the basis for recovery of damages on the ground of negligence. One charged with negligence cannot be made liable without proof that the very negligence complained of was the proximate cause of the injury sustained. We are of the opinion that the appellee failed to establish that the negligence alleged was the proximate cause of the injury for which suit is brought.

It is unnecessary that we discuss other matters urged by appellant. We reach the conclusion that the court should have sustained appellant's motion for a directed verdict, and the judgment appealed from is, accordingly,—*Reversed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.