BENJAMIN RICKHOLD, Respondent, *v.* CITY OF NIAGARA FALLS, Appellant.

Fourth Department, June 30, 1925.

**Municipal corporations — action to recover damages for injuries to automobile which collided with girder on side of bridge — girder was two feet in from curb line of street, and street was contracted at bridge approach — construction and maintenance of bridge is governmental function — not negligence to build bridge narrower than roadway — city did not act negligently in constructing bridge.**

The city of Niagara Falls is not liable to the plaintiff for injuries to his automobile, which resulted from a collision between the automobile and the girder on the side of a bridge, where it appears that the girder was two feet in from the street curb and that the street was narrowed to that extent at the bridge approach.

The construction and maintenance of a bridge within the city is a governmental function and the obligation of the city is to use reasonable care in the construction and maintenance so that the bridge will be reasonably safe for public travel.

A city is not required to build a bridge with a roadway as wide as the traveled part of the street, and, therefore, negligence cannot be predicated on the fact that the bridge was narrower than the street.

The city, in the exercise of a governmental function, determined that it was necessary to use the girder in the position in which it was placed, and under the facts in this case it cannot be held to have acted negligently in exercising that function.

APPEAL by the defendant, City of Niagara Falls, from a judgment of the County Court of the county of Niagara in favor of the plaintiff, entered in the office of the clerk of said county on the 18th day of April, 1924; also from an order entered in said clerk's office on the 15th day of April, 1924, denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 8th day of September, 1924, denying defendant's motion to set aside the verdict and for a new trial upon the ground of newly-discovered evidence.

*George W. Knox,* for the appellant.

*Nicholson & Knowles* [*Raymond A. Knowles* of counsel], for the respondent.

HUBBS, P. J.:

Buffalo avenue, in the city of Niagara Falls, extends in an easterly and westerly direction. It is a paved street, twenty-nine feet wide from curb to curb. It crosses a stream over which, in 1897, the city constructed a bridge having a steel girder three and one-third feet high and one and thirty-two one-hundredths feet wide on each side. After the bridge was constructed, the steel girder on the north side thereof extended southerly two feet from the northerly curb line of the street. The effect was that the northerly girder constituted an offset to the south from the northerly curb line for a distance of two feet. Approaching the bridge from the east, the curb of the pavement on the north side of the street is practically straight until it reaches a point eleven feet easterly from said steel girder. It is gradually contracted toward the south until it comes up to the girder. Instead of building the bridge with the northerly girder on the northerly curb line of the street it was built two feet southerly of said northerly curb line. The offset thus made extends the whole length of the bridge, a distance of about seventy-four feet. To the north of said street and adjacent thereto are the tracks of the International Railway Company. To enable the cars of said railway to pass, it was necessary to place said girder as it was placed. There is no question presented in this case as to the right of the city to permit the railway company to use city owned property for its tracks.

The plaintiff approached said bridge in the night from the east in his automobile. He was driving near the northerly curb of the street and did not notice said girder until he was so close to it that he could not avoid a collision with it. His automobile was damaged and he has recovered a judgment against the city therefor on the theory that the city was negligent in constructing and maintaining said bridge in the condition described.

The question presented is whether the city was negligent in constructing and maintaining the bridge with a girder which extended two feet within the curb line of the street. The burden of constructing and maintaining bridges over streams within a city is placed upon the city by statute. (General City Law, § 20, subd. 9, as added by Laws of 1913, chap. 247.)

The construction and maintenance of bridges in a city is a governmental function. The statute does not require bridges to be of any particular style, shape, width or construction. The general rule is that the city must use reasonable care in construction and maintenance so that it will be reasonably safe for travel and passage. Its size, width and strength must be determined from the use that is to be made of it, the physical situation and other

surrounding circumstances. (4 Am. & Eng. Ency. of Law [2d ed.], 934, 935; 9 C. J. 478.)

A city is not required to build its bridges as wide as the street. (*Langlois* v. *City of Cohoes,* 58 Hun, 226.)

The court will take judicial notice of the fact that there are many bridges and viaducts narrower than the roadbed upon which they are located. It has never been held that such a bridge, or viaduct, when constructed by a municipality, constituted a nuisance, or that such construction made the municipality liable for negligence. It has been decided that it is not negligence to build and maintain a bridge narrower than the roadbed. (*Atchison* v. *City of St. Joseph,* 133 Mo. App. 563; *Shannon* v. *City of Council Bluffs,* 194 Iowa, 1294; 190 N. W. 951.)

There is no contention here that the bridge was not wide enough to accommodate traffic and answer the purpose for which it was constructed.

The general duty of a city to keep the traveled portion of its streets free from obstructions not necessary for public use is not questioned. The line of cases establishing that proposition is referred to in *People ex rel. Hofeller* v. *Buck* (193 App. Div. 262; affd., 230 N. Y. 608). The exceptions to that rule, which involve things placed in a street for public use, like stepping stones, etc., are also referred to in that case.

The authorities referring to obstructions placed in a street by third parties have no application in this case, for here the bridge was constructed by the city for the purpose of improving the means of traffic. It appears that the girder served the purpose of a guard rail, and was necessary to give strength to the bridge and to provide clearance on account of the height of the water. The city, when it decided to build the bridge, had to determine all questions in regard to its size, design, strength and location. In doing that it acted in its governmental capacity and exercised its discretion. Under the facts in this case it cannot be held to have acted negligently.

I advise that the judgment and order be reversed upon the law and the complaint dismissed, with costs. The appeal from the order denying the motion for a new trial, made upon the ground of newly-discovered evidence, should be dismissed, without costs.

CLARK, SEARS, CROUCH and TAYLOR, JJ., concur.

Judgment and order reversed on the law and complaint dismissed, without costs.